UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH WRIGHT on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>Lyft, Inc., a Delaware Corporation<br><br>Defendants. | Case No. 2:14-cv-00421<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>CLASS ACTION<br><br>JURY DEMAND |

## I. INTRODUCTION

1.  With the push of a single button, modern computers can transmit text messages to millions of telephones. To advertisers, this is a powerful and irresistible method of mass communication. At very minimal cost, a business can achieve targeted, immediate, and vast promotion of its brand. At the same time, text messages are uniquely personal. Each advertisement directs special importance to itself by causing a telephone to buzz or ring, and the advertisement is placed quite literally into the hands of a consumer.

2.  The defendant, Lyft, Inc., markets its products and services through text message advertisements sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Washington Consumer Electronic Mail Act, RCW 19.190.010 et seq., and the Washington Consumer Protection Act, RCW 19.86.010, et seq.

3. Plaintiff Kenneth Wright ("Representative Plaintiff"), on his own behalf and on behalf of all other similarly situated persons, brings this Complaint for Injunctive Relief and Damages to obtain from defendant all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

## II. JURISDICTION AND VENUE

4. Federal question jurisdiction exists because Plaintiff asserts legal claims under federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5. Many of the wrongful acts and omissions referenced in this complaint occurred, were initiated, were furthered, or were given assistance in this district.

6. Defendant conducts business and has harmed consumers in this district.

7. Venue is proper in this Court.

## III. PARTIES

8. Plaintiff Kenneth Wright is an individual domiciled and residing in King County, Washington.

9. Defendant Lyft, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in San Francisco, California. Defendant, acting directly or else through other persons acting on its behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all of the wrongful acts and omissions that are the subject of this complaint. But for the conduct of Defendant and others acting on its behalf, none of the wrongful acts and injuries alleged herein would have occurred.

## IV. FACTUAL ALLEGATIONS

10. Lyft is a transportation network company. It's mobile telephone application ("Lyft"), in conjunction with defendant's computer systems, create a platform for on-demand peer-to-peer ridesharing. Upon information and belief, Lyft has been installed on up to 500,000 mobile telephones across the United States.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 2

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

11. In order to request a Lyft car, a rider must download the Lyft application to their iPhone or Android-based mobile telephone, sign-in through Facebook Connect, and enter a valid telephone number and credit card. When a passenger wants a ride, he or she launches the application, which displays a map of the nearest Lyft drivers. The user taps the screen to request a ride, and the application then displays the driver's name, his or her passenger ratings, and photos of the driver and his or her car.

12. Lyft receives revenue for each ride arranged through its mobile application. All payments are made through the application. The payment requested from each rider includes a $1.50 "Pickup Fee," a $1 "Trust and Safety Fee," and a ride fee that is calculated based on time ($0.35 per minute) and distance ($1.90 per mile). Lift receives the $1 Trust and Safety Fee and 20% of the total fare.

13. Lyft has engineered into its application a feature that advertises Lyft using unsolicited SMS text messages. Styled as a feature that Lyft calls "Invite Friends," each user is encouraged to "invite" others to do business with Lyft. When a user taps the "Invite Friends" tab, the application displays a list of all contact names stored in the consumer's mobile telephone. The user then taps the names of consumers who will receive an "invite," or the user can tap "Select All" to select their entire list of stored contacts. The user then taps "Send Invites," which causes a text message containing commercial advertising to be sent to all selected recipients, along with a link to install the Lyft application. The text messages are sent by Lyft's computer systems; they are not sent through the user's telephone and cellular service carrier.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 3

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

14. Lyft pays financial consideration to its users who facilitate this method of advertising. Users are promised up to $25 for each "friend" who downloads the Lyft application and subsequently uses defendant's service.

15. As designed, created, implemented, utilized, and deployed by Defendant, the Lyft application, in conjunction with defendant's computer systems and the functionality of iOS and Android devices, operates as an automated telephone dialing system ("ATDS"). Defendant caused and otherwise substantially assisted an aggressive marketing campaign which has relied upon this ATDS functionality. Defendant's system generates commercial advertisements on behalf of the Defendant and, in an automated manner, transmits these advertisements as unsolicited short message system ("SMS") text messages to lists of cellular telephone numbers.

16. Defendant's marketing campaign and its ATDS have injured numerous consumers, including plaintiff. On March 21, 2014, plaintiff received the following unsolicited text message from Lyft:



COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 4

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

17. As part of its marketing scheme, defendant used a system of electronic transmission devices with the capability to send tens of thousands of text messages to consumers in an automated manner, and thereby sent the unsolicited text messages identified above to numerous consumers throughout the United States, including Plaintiff. Considering that Lyft serves thousands of consumers every day, Defendants sent far more text messages than humans could manually transmit in an economical manner. The transmission of so many unsolicited text messages burdened and/or injured the telecommunications infrastructure through which all text messages must pass. As a consequence, cellular service providers incurred avoidable costs which negatively impact the price that consumers like Plaintiffs must pay for cellular telephone services.

18. Consumers have no effective means to avoid the receipt of unsolicited text messages. Prior to the transmission of these text messages, none of the consumers to whom these text messages were directed provided defendant with consent to be sent the text messages. Defendants did not obtain clear and unmistakably stated consent from the intended recipients before sending these text messages.

19. Upon information and belief, defendant's systems extract and provide to Defendants non-public and personal information of consumers, including contact information located on the cellular telephones of users. The information extracted includes the personal information for individuals who are not customers and have not authorized Lyft to store their information.

20. The SMS text message sent to plaintiff was typical of messages sent to numerous other consumers. The links in these messages were designed and intended by Defendant to connect plaintiff and consumers like him to websites through which Defendants offered financial incentives calculated to cause consumers to download and install Lyft onto their cellular telephones and to use Defendant's services.

21. By the conduct detailed above, Defendants, directly and/or through their

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 5

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

authorized agents, engaged in unlawful and otherwise wrongful marketing and advertising practices. These practices have damaged Representative Plaintiff and persons similarly situated. Defendants used their ATDS to cause the transmission of unsolicited electronic commercial text messages to the cellular telephone numbers assigned to Representative Plaintiff and numerous other consumers.

22. Defendants' conduct above negatively affects the public interest. Defendants caused the unsolicited transmission of numerous SMS text messages to numerous consumers throughout the United States and its territories, including Washington State.

23. Plaintiff did not provide his cellular telephone number to defendant or their agents for the purpose of receiving marketing messages via text message or any other telephonic communication. Nor did he provide authorization or consent to defendant to send any text message or to store her personal contact information for purposes of marketing. Defendant nevertheless sent Plaintiff the text message identified above.

24. By the conduct detailed above, defendant directly and/or through authorized agents caused the unlawful transmission of text messages to the cellular telephone numbers of plaintiff and other similarly situated consumers and otherwise engaged in unlawful marketing and advertising practices.

## V. CLASS ACTION ALLEGATIONS

25. Representative Plaintiff brings this class action on behalf of himself and as a representative of the following class of persons entitled to remedies under the Telephone Consumer Protection Act including, but not limited to, damages:

> All persons in the United States of America who were sent, to their cellular telephone numbers, at least one text message containing an advertisement for Lyft, where the text message was sent through the "invite friends" feature of the Lyft application.

26. Representative Plaintiff also brings this class action on behalf of himself and as a representative of the following persons (the "Washington Subclass") who are entitled to remedies under Washington State law including, but not limited to, damages:

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 6

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

> All persons in Washington State who were sent, to their cellular telephone numbers, at least one text message containing an advertisement for Lyft, where the text message was sent through the "invite friends" feature of the Lyft application.

27. Plaintiff's class claims satisfy all of the requirements for class action certification pursuant to the Civil Procedure Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

28. Satisfying all requisite numerosity requirements, numerous consumers in the United States are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

29. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from defendants' conduct include, without limitation, the following:

- Whether defendant negligently, willfully, and/or knowingly caused violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text messages to Representative Plaintiff and the class?

- Whether defendant used an automated telephone dialing system ("ATDS") to send text messages to Plaintiff?

- Whether defendant's text messages are "commercial electronic text messages" under the Washington Consumer Electronic Mail Act.

- Whether Defendants negligently and/or willfully caused violations, including *per se* violations, of the Washington Consumer Protection Act, RCW 19.86.10, *et seq.*, when sending unsolicited text messages to Representative Plaintiff and the Washington Subclass?

- Whether any Defendants are vicariously or otherwise liable for unsolicited text messages sent to Plaintiff?

30. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

31. Representative Plaintiff's claims are typical of those of the class in that he, just like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The text message which Representative Plaintiff received is typical of the text messages which were transmitted to other members of the class.

32. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the class members are so low that it would be economically impracticable for putative class members to bring their claims individually.

33. A primary factor in Plaintiff's bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendant ceases its unlawful and wrongful conduct. A class action is the most efficient means to ensure that Defendant does not injure the class in the future.

34. Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Representative Plaintiff is represented by attorneys who have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

35. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in

inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

36. If this action is not certified as a class action, then the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendant for reasons altogether unrelated to the merits of their claims, *e.g.*, challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*. Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by defendants is to resolve the subject matter of this complaint through a class action.

## VI. FIRST COUNT
### Violations of the Telephone Consumer Protection Act
### (Representative Plaintiff and the National Class vs. Defendant)

37. Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs as if the same were alleged herein this count.

38. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

39. Negligently, recklessly, willfully, and/or intentionally, Defendant directly and/or vicariously engaged in acts, omissions, and/or other actions that violate the Telephone Consumer Protection Act. Defendants directly and/or vicariously created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone calls to cellular telephone numbers. These telephone calls transmitted unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

40. Plaintiff and each member of the proposed class are entitled to recover $500 in damages from the defendants for each violation of the Telephone Consumer Protection Act.

41. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 9

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

42. The defendants should cease their unlawful conduct now and in the future with (a) a judicial declaration which clearly states the illegality of the conduct and (b) an injunction barring defendants from engaging in such illegal conduct in the future.

## V. SECOND COUNT
**Violations of the Washington Commercial Electronic Mail Act**
*(Representative Plaintiff and the Class vs. Defendant)*

43. Plaintiff reasserts and re-allege the allegations set forth in the above paragraphs.

44. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq*.

45 CEMA prohibits "the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service." RCW 19.190.060.

46. In enacting CEMA, the Washington Legislature stated as follows regarding its legislative findings and intent:

> The legislature recognizes that the number of unsolicited commercial text messages sent to cellular telephones and pagers is increasing. This practice is raising serious concerns on the part of cellular telephone and pager subscribers. These unsolicited messages often result in costs to the cellular telephone and pager subscribers in that they pay for use when a message is received through their devices. The limited memory of these devices can be exhausted by unwanted text messages resulting in the inability to receive necessary and expected messages.
>
> The legislature [intends] to limit the practice of sending unsolicited commercial text messages to cellular telephone or pager numbers in Washington.

2003 Wn. Legis. Serv. 137, Sec. 1.

47. Defendant's actions violated CEMA. Plaintiffs are entitled to damages of $500

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 10

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

per illegal text message under RCW 19.190.090.

## VI. THIRD COUNT
### Violations of the Washington Consumer Protection Act
*(Representative Plaintiff and the Class vs. Defendant)*

48.  Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs.

49.  At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

50.  Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW 19.190.060.  This violation, per statute, is a *per se* violation of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

51.  Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

52.  Defendant conducted these practices in the scope of its trade and in furtherance of the development and preservation of such business services.

53.  Defendant's violations of the Consumer Protection Act are intentional, willful, and subject to treble damages under RCW 19.86.010, *et seq.*

54.  Plaintiffs have suffered injuries to their persons and property as a direct result of Defendant's numerous violations of RCW 19.86.010, *et seq.*

55.  Defendant's practices are emblematic of organizational policies and agreements which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

56.  Plaintiffs are entitled to recover damages for each of the violations of RCW 19.86.010, *et seq.*, in amounts set forth by law.

57.   Plaintiffs are further entitled to recover damages for each of the violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

58.   Plaintiffs will continue to be damaged if Defendant is not compelled to cease and desist unlawful conduct and unfair, deceptive, and unlawful practices.

Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law

## VII. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against defendants and pray this Court do the following:

A.   Issue a declaration which makes clear the illegality of defendant's wrongful conduct.

B.   Grant a permanent injunction enjoining defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with defendant, from engaging in the unlawful conduct, including without limitation using an automated telephone dialing system to send unsolicited text messages.

C.   Order defendant to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above in amounts to be determined at trial, but in no event less than $500.00 for each violation of 47 U.S.C. § 227. *et seq.*, and $500.00 for each violation of RCW 19.86.010, *et seq.* and/or RCW 19.190.010, *et seq.*

D.   Order defendant to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful practices.

E.   Order defendant to pay Representative Plaintiff and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 12

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

all punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer Protection Act.

  F. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law and/or as sounds in tort, contract, or equity.

  G. Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

  RESPECTFULLY SUBMITTED:  March 24, 2014.

**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA  98101
Tel: (206) 838-2504
Fax: (206) 838-2505

*/s/ Donald W. Heyrich*
Donald W. Heyrich, WSBA #23091
 dheyrich@hkm.com

Peter Stutheit, WSBA #32090
**STUTHEIT KALIN LLC**
2300 SW 1st Avenue, Suite 101
Portland, OR 97201
Tel: (503) 493-7488
Fax: (503) 715-5670
peter@stutheitkalin.com

Attorneys for Plaintiff