The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH WRIGHT, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:14-cv-00421MJP<br><br>**DEFENDANT'S STATEMENT IN SUPPORT OF REQUEST TO RETAIN SUPPLEMENTAL JURISDICTION AND STAY PENDING REVIEW BY WASHINGTON SUPREME COURT**<br><br>NOTE ON MOTION CALENDAR:<br>APRIL 29, 2016 |

## I. **INTRODUCTION**

Taking into account judicial economy, convenience, fairness, and comity, defendant Lyft, Inc. ("Lyft") requests that the Court exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which consist of (i) claims for injunctive relief under the Washington Consumer Electronic Mail Act ("CEMA") and under the Washington Consumer Protection Act ("CPA"); and (ii) a claim for damages under the CPA. The Court has already invested significant time and resources beginning to analyze what it described as the "labyrinthine" CEMA statute – the statute that is the predicate for Plaintiff's CPA claim and which requires further analysis in order to resolve Plaintiff's remaining state law claims. Further, very significant class certification issues potentially loom which this Court is much better prepared to address than King County Superior Court. Finally, certain key issues which this Court has either addressed or recognized still need to be addressed were recently certified

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL
JURISDICTION (NO. 2:14-cv-00421MJP) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

for review by the Washington Supreme Court by Judge Lasnik in *Gragg v. Orange Cab Co.*, No. C12-0576 RSL. Accordingly, Lyft asks the Court to exercise supplemental jurisdiction over the remaining claims, and stay this case pending the Washington Supreme Court's review of the now certified *Gragg* issues.

## II. ARGUMENT

### A. Applicable Standards.

The Court had original jurisdiction in this matter under 47 U.S.C. § 227 based on Plaintiff's Telephone Consumer Protection Act claim, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), which gives federal district courts supplemental jurisdiction over all claims within the same case or controversy as a claim conferring original jurisdiction. *Hunt Skansie Land, LLC v. City of Gig Harbor*, No. C10-5027 RBL, 2010 WL 2650502, at *3 (W.D. Wash. July 1, 2010). A court retains supplemental jurisdiction over state law claims even after the basis for federal jurisdiction is eliminated. *King v. Zak*, No. C16-0397 JLR, 2016 WL 1579234, at *4 (W.D. Wash. Apr. 20, 2016) (citing *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938-39 (9th Cir. 2003) ("The district court's supplemental jurisdiction over the state law claims was not destroyed by dismissal of the [federal] claim … Supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction."), *amended and superseded on other grounds* by 350 F.3d 916 (9th Cir. 2003)); *see also Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (decision whether to continue to exercise supplemental jurisdiction over state law claims after federal claims have been dismissed lies within the district court's discretion); *Schneider v. TRW, Inc.*, 938 F.2d 986, 987 (9th Cir. 1991) (district court not required to dismiss, sua sponte, state claims where federal claims were dismissed before trial; even if Court of Appeals might have invited the parties to respond to whether dismissal was warranted, district court not required to do so). If the claims over which the court had original jurisdiction are subsequently dismissed, it is within the court's discretion to determine whether to dismiss the state law

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL JURISDICTION (NO. 2:14-cv-00421MJP) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction….").

In exercising its discretion to retain or decline supplemental jurisdiction, a district court is required to consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). While courts sometimes decline to exercise supplemental jurisdiction upon dismissal of federal law claims, doing so is not a mandatory rule to be applied inflexibly in all cases. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). To the contrary, the doctrine of pendent jurisdiction provides the district court, which is in the best position to judge the extent of resources invested in a case and the duplication effort that would be required if the case were sent to another court, with a flexible standard to "deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon*, 484 U.S. at 350.

Judicial economy refers to the "investment of judicial energy" into a case or controversy. *King*, 2016 WL 1579234, at *4. In evaluating the investment of judicial energy, courts may consider several factors, including: (1) the amount of time that has been invested in analyzing the state claims; and (2) whether there have been hearings and/or arguments prior to the dismissal of the federal claims, among other factors. *Id.* "Judicial economy has frequently been privileged over the other factors." *Hunt Skansie*, 2010 WL 2650502, at *3 (citing *Schneider*, 938 F.2d at 994). In evaluating convenience, courts may consider the record and accumulated federal proceedings to determine whether the state claims "may easily be carried across the street to the courtroom of a state superior court judge." *King*, 2016 WL 1579234, at *5 (citing *Schneider*, 938 F.2d at 997 (O'Scannlain, J., dissenting)). Fairness may involve: (1) "whether 'a surer-footed reading' of state law would be available in state court;" (2) whether a plaintiff, in seeking remand, has engaged in any manipulation; and (3) where the plaintiff originally filed the action. *King*, 2016 WL 1579234, at *5.

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL
JURISDICTION (NO. 2:14-cv-00421MJP) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

There are several decisions from this district where the court elected to retain supplemental jurisdiction. Those decisions were largely predicated on judicial economy, where the court had expended significant resources addressing both the federal and state claims, discovery or dispositive motions had been completed or was well underway, and/or remanding or dismissing the matter would cause a duplication of efforts. *See Hunt Skansie Land*, 2010 WL 2650502; *Johnson v. City of Seattle*, 385 F. Supp. 2d 1091 (W.D. Wash. 2005) *aff'd* by 474 F.3d 634 (9th Cir. 2007); *Mandelas v. Daniel N. Gordon, P.C*., No. C-10-0594-JLR, 2011 WL 1327405 (W.D. Wash. Apr. 6, 2011).

**B.** **The Court Should Exercise Supplemental Jurisdiction Over the Remaining State Law Claims.**

The majority of the factors to be considered support retaining supplemental jurisdiction. As to the merits of the claims, this Court has already devoted extensive resources to wading through and construing CEMA's "rather labyrinthine statutory scheme" (ECF No. 63 at 6 (Apr. 15, 2016 "Order")), and it is that labyrinth and how it is subsequently navigated that is the predicate and the sole basis for Plaintiff's remaining damages claim under the CPA. Given the dearth of Washington case law interpreting CEMA and its history (there is essentially none), state trial courts are no more suited to complete the analysis that this Court has already begun than is this Court.

More importantly, though, there is at least one other case pending in this District in which similar issues are being addressed, as this Court recognized in its recent ruling. Order at 8, 11-12 (citing *Gragg v. Orange Cab Co.*, No. C12-0576 RSL, 2015 WL 6876069 (W.D. Wash. Nov. 9, 2015); *Id. at* 9 (citing *Gragg v. Orange Cab Co.,* 2013 WL 195466 (W.D. Wash. Jan. 17, 2013). In *Gragg,* Judge Lasnik has now certified to the Washington Supreme Court some of the same issues involving the interstices of CEMA and CPA that this court identified in its Order and that will likely have a significant impact on this case going forward. The Federal court system, therefore, will be expending judicial resources adjudicating similar CEMA claims,

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL JURISDICTION (NO. 2:14-cv-00421MJP) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

whether this Court retains jurisdiction of this case or not. For these reasons, judicial economy, convenience and fairness weigh in favor of retaining jurisdiction.

In addition to issues on the merits, this case is a putative class action, and will potentially involve extensive and complex issues related to class certification. Such issues include questions regarding ascertainability of a class comprised of people who received the texts in Washington, commonality regarding consent to receipt of the allegedly offending texts, and whether individual issues predominate regarding alleged damages if Plaintiff contends that the "injury to business and property" was the accrual of fees by cell phone users. This case was commenced in federal court, rather than being removed from state court. Federal courts, as the primary venue for class actions since the passage of CAFA, have far greater experience and resources to give due and full consideration of these important issues in determining whether a class can and should be certified. Federal class action procedural law is also far more developed and established than Washington law. For these reasons, the fairness factor weighs even more heavily in favor of exercising supplemental jurisdiction in this case.

Finally, the *Gragg* Court recently certified two issues for review by the Washington Supreme Court, one of which has already been addressed by this Court, and one to which this Court alluded in the Order:

> Does the recipient of a text message that violates CEMA have a private right of action for damages (as opposed to injunctive relief) under that statute?
>
> Does the liquidated damages provision under CEMA, RCW 19.190.040(1), establish the causation and/or injury elements of a CPA claim as a matter of law or must the recipient of a text message that violations [sic] CEMA first prove injury in fact before he or she can recover the liquidated damage amount?

The *Gragg* Court further stayed that case pending review of those issues. *See* Order Denying Motion for Certification Under §1292(b) and Certifying Issues to Washington Supreme Court, ECF No. 186, *Gragg v. Orange Cab*, No. C12-0576 RSL (W.D. Wash. Apr. 22, 2016). This Court followed the same path as the *Gragg* Court in regard to the first issue in dismissing Plaintiff's independent CEMA claims, and alluded to the second in citing *Gragg* as a potential

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL JURISDICTION (NO. 2:14-cv-00421MJP) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

basis for finding that Plaintiff had stated a CPA claim. The Washington Supreme Court's review of these issues will almost certainly bear on the outcome of Plaintiff's claims in this case. Thus, in addition to exercising supplemental jurisdiction over Plaintiff's remaining claims for the reasons stated above, the Court should stay this case pending review of these issues by the Washington Supreme Court, for the same reasons as was done by the *Gragg* Court.

### III.   CONCLUSION

Lyft asks that the Court retain supplemental jurisdiction of this case, and stay further proceedings in the case pending a decision by the Washington Supreme Court of the issues that have been certified in *Gragg*. There is no good reason for either the parties, or this Court, or King County Superior Court, to be expending either their or any judicial resources regarding discovery or other pretrial proceedings until the appellate questions certified in *Gragg* have been answered. Should the Court elect not to retain jurisdiction, however, remand is not the appropriate procedure. This case did not originate in state court. It was commenced in this forum. If the Court does not retain supplemental jurisdiction, the appropriate procedure is to (i) enter a final judgment dismissing with prejudice the TCPA claim and final judgment dismissing with prejudice the CEMA damages claim, and (ii) dismissing without prejudice Plaintiff's remaining state law claims under CEMA for injunctive relief and under the CPA for injunctive relief and damages, leaving Plaintiff the ability to re-file those claims in state court.

DATED this 29th day of April, 2016.

> BYRNES KELLER CROMWELL LLP
>
> By /s/ Bradley S. Keller
>   Bradley S. Keller, WSBA #10665
> By /s/ Keith D. Petrak
>   Keith D. Petrak, WSBA #19159
>   1000 Second Avenue, 38th Floor
>   Seattle, WA 98104
>   Telephone: (206) 622-2000
>   Facsimile:  (206) 622-2522
>   Email:    bkeller@byrneskeller.com
>             kpetrak@byrneskeller.com
>   ***Attorneys for Defendant Lyft, Inc.***

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL
JURISDICTION (NO. 2:14-cv-00421MJP) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 29th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Keith D. Petrak
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
kpetrak@byrneskeller.com

DEFENDANT'S STATEMENT REGARDING SUPPLEMENTAL JURISDICTION (NO. 2:14-cv-00421MJP) - 7

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000