The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH WRIGHT, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:14-cv-00421BJR<br><br>STIPULATED MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT<br><br>NOTE ON MOTION CALENDAR:<br>February 9, 2017 |

## I. INTRODUCTION AND RELIEF REQUESTED

Lyft, Inc., through its counsel Bradley S. Keller and Keith D. Petrak of Byrnes Keller Cromwell LLP and plaintiff Kenneth Wright, through his counsel Donald W. Heyrich of HKM Attorneys and Peter Stutheit of Stutheit Kalin LLC, respectfully request that the Court certify questions to the Washington Supreme Court. Specifically, the parties request that the Court certify the following questions to the Supreme Court of Washington:

> Does the recipient of a text message that violates the Consumer Electronic Mail Act, Ch. 19.190 RCW ("CEMA"), have a private right of action for damages (as opposed to injunctive relief) directly under that statute?

STIPULATED MOTION TO CERTIFY QUESTIONS TO THE
WASHINGTON SUPREME COURT
(NO. 2:14-cv-00421BJR) - 1

HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, Washington  98104
(206) 622-2000

Does the liquidated damages provision of CEMA, RCW 19.190.040(1), establish the causation and/or injury elements of a claim under the Washington Consumer Protection Act, Ch. 19.86 RCW ("CPA"), as a matter of law or must the recipient of a text message that violates CEMA first prove injury in fact before he or she can recover the liquidated damage amount?

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This is a putative class action initiated by Kenneth Wright against Lyft, Inc. alleging violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), CEMA, and the CPA, based upon Wright's alleged receipt of a commercial electronic text message. Lyft denies the allegations,

On January 6, 2015, the Court granted Lyft's motion to stay the case under the doctrine of primary jurisdiction pending rulings from the Federal Communications Commission (ECF No. 40).

On October 27, 2015, the Court lifted the stay and set a briefing schedule for Lyft's motion to dismiss under Fed. R. Civ. P. 12 (ECF No. 52).

On April 15, 2016, the Court granted in part and denied in part Lyft's motion to dismiss as set forth in the Court's order of that date (ECF No. 63).

Meanwhile, on April 22, 2016, in *Gragg et al. v. Orange Cab et al.*, Case No. 2:12-cv-00576-RSL (W.D. Wash.), Judge Lasnik issued an "Order Denying Motion for Certification Under § 1292(b) and Certifying Issues to Washington Supreme Court." *Id.* (ECF No. 186) (copy attached hereto). The *Gragg* case involves different parties but encompasses legal issues under CEMA and the CPA that are substantially similar to the legal issues presented in this case. The questions certified to the Washington Supreme Court by Judge Lasnik are the same questions on which the parties now request certification in this motion.

On May 4, 2016, Judge Pechman stayed this case pending resolution of the questions that Judge Lasnik certified to the Washington Supreme Court in *Gragg*. (*See* ECF No. 65). The

STIPULATED MOTION TO CERTIFY QUESTIONS TO THE
WASHINGTON SUPREME COURT
(NO. 2:14-cv-00421BJR) - 2

HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, Washington  98104
(206) 622-2000

Court directed the parties to notify the Court within 7 days of the filing of the answers to the certified questions by the Washington Supreme Court.

On January 31, 2017, the parties in *Gragg* filed an Unopposed Motion for Preliminary Approval of Class Action Settlement along with a copy of the class action settlement agreement. *See Gragg*, No. 2:12-cv-00576-RSL (W.D. Wash.), ECF No, 198, 199. In light of the settlement in *Gragg*, it is unlikely that the Washington Supreme Court will act upon the certification of issues entered by Judge Lasnik in that case. The parties in this case now respectfully request that this Court certify to the Washington Supreme Court the questions that previously had been certified by Judge Lasnik in *Gragg*. As Judge Lasnik stated, "obtaining the input of the state's highest court will ensure that this case proceeds to judgment (and through any appeal) on a firm legal footing." *Gragg*, No. 2:12-cv-00576-RSL (W.D. Wash.), ECF No. 186 at p. 3:2-4.

### III.  LEGAL ANALYSIS

This Court may certify a question to the Washington Supreme Court when "it is necessary to ascertain the local law of this state in order to dispose of [a] proceeding and the local law has not been clearly determined." RCW 2.60.020. The certification process is designed to "build a cooperative judicial federalism" and serve the interests of judicial efficiency and comity. *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S. Ct. 1741 (1974). Use of the certification procedure "rests in the sound discretion of the federal court." *Id*.

Certification is appropriate where, as here, there is no appellate authority interpreting a statute at issue. *See Perez-Farias v. Global Horizons, Inc.*, 668 F.3d 588, 589 (9th Cir. 2011) (certifying question under RCW 2.60.020 where "[n]o published decision of either the Washington Supreme Court or the Washington appellate courts has interpreted the relevant provisions of this statute to date, and the answers to the certified question are 'necessary . . . to dispose of'" the matter). Furthermore, certification is especially appropriate where, as here, the

STIPULATED MOTION TO CERTIFY QUESTIONS TO THE
WASHINGTON SUPREME COURT
(NO. 2:14-cv-00421BJR) - 3

HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, Washington  98104
(206) 622-2000

state law issues have "significant policy implications." *Id.* at 593; *see also McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012) (noting also that "[w]e have previously certified questions to the Washington Supreme Court where a question of law has not been clearly determined by the Washington courts and where the answer to [the] question is outcome determinative" (internal quotation omitted)).   Here, certification of the proposed questions to the Washington Supreme Court is appropriate.  *Cf. Paz v. Sakuma Bros. Farms Inc.*, Case No. 2:13-cv-0198-MJP (Pechman, J., Oct. 10, 2014), Dkt. #42 (certifying questions to Washington Supreme Court because no Washington appellate authority addressed questions with significant implications for thousands of workers and employers in Washington State).

The Court previously determined that it was appropriate to stay this case until the Washington Supreme Court addressed the issues certified in *Gragg*.  Because the Washington Supreme Court will not reach those issues in Gragg, those issues should be certified to the Washington Supreme Court in this case.

## IV.  CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court certify the following questions to the Supreme Court of Washington:

> Does the recipient of a text message that violates the Consumer Electronic Mail Act, Ch. 19.190 RCW ("CEMA"), have a private right of action for damages (as opposed to injunctive relief) directly under that statute?

> Does the liquidated damages provision of CEMA, RCW 19.190.040(1), establish the causation and/or injury elements of a claim under the Washington Consumer Protection Act, Ch. 19.86 RCW ("CPA"), as a matter of law or must the recipient of a text message that violates CEMA first prove injury in fact before he or she can recover the liquidated damage amount?

STIPULATED MOTION TO CERTIFY QUESTIONS TO THE
WASHINGTON SUPREME COURT
(NO. 2:14-cv-00421BJR) - 4

HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, Washington  98104
(206) 622-2000

RESPECTFULLY SUBMITTED this 9th day of February, 2017.

| BYRNES KELLER CROMWELL LLP | HKM ATTORNEYS |
|---|---|
| By /s/ Bradley S. Keller<br>   Bradley S. Keller, WSBA #10665<br><br>By /s/ Keith D. Petrak<br>   Keith D. Petrak, WSBA #19159<br>Byrnes Keller Cromwell LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA  98104<br>Telephone:   (206) 622-2000<br>Facsimile:    (206) 622-2522<br>Email:  bkeller@byrneskeller.com<br>Email:  kpetrak@byrneskeller.com<br><br>***Attorneys for Defendant Lyft, Inc.*** | By /s/ Donald W. Heyrich<br>   Donald W. Heyrich, WSBA #23091<br>HKM ATTORNEYS<br>600 Stewart Street, Suite 901<br>Seattle, WA 98101<br>Telephone: (206) 838-2504<br>Facsimile: (206) 260-3055<br>Email: dheyrich@hkm.com<br><br>STUTHEIT KALIN LLC<br>Peter Stutheit, WSBA #32090<br>2300 SW 1st Avenue, Suite 101<br>Portland, OR 97201<br>Tel: (503) 493-7488<br>Fax: (503) 715-5670<br>peter@stutheitkalin.com<br><br>***Attorneys for Plaintiff Kenneth Wright*** |

STIPULATED MOTION TO CERTIFY QUESTIONS TO THE WASHINGTON SUPREME COURT
(NO. 2:14-cv-00421BJR) - 5

HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, Washington  98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 9th day of February, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Donald W. Heyrich
HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Facsimile: (206) 260-3055
Email: dheyrich@hkm.com

STIPULATED MOTION TO CERTIFY QUESTIONS TO THE
WASHINGTON SUPREME COURT
(NO. 2:14-cv-00421BJR) - 6

HKM ATTORNEYS
600 Stewart Street, Suite 901
Seattle, Washington  98104
(206) 622-2000

ATTACHMENT:

Order Denying Motion for Certification Under § 1292(b) and Certifying Issues to Washington Supreme Court, *Gragg et al. v. Orange Cab et al.*, Case No. 2:12-cv-00576-RSL (W.D. Wash.) (Lasnik, J.)  (ECF No. 186)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
TORREY GRAGG, on his own behalf and ) No. C12-0576RSL
on behalf of other similarly situated persons, )
)
Plaintiffs, )
v. ) ORDER DENYING MOTION FOR
) CERTIFICATION UNDER § 1292(b)
ORANGE CAB COMPANY, INC., *et al.*, ) AND CERTIFYING ISSUES TO
) WASHINGTON SUPREME COURT
Defendant. )
_____)

This matter comes before the Court on defendants' motion to certify an interlocutory appeal to the Ninth Circuit regarding the Court's determination that CEMA's liquidated damages provision satisfies the injury and causation elements of plaintiffs' CPA claim. Dkt. # 165.[1] Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is

---

[1] Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds that this matter can be decided without oral argument.

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT

made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982)). While the appeal need not have a final, dispositive effect on all issues raised in the litigation, the district court must be of the opinion that it would "materially advance the ultimate termination of the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681 (9th Cir. 2011).

That is not the case here. The Ninth Circuit previously declined to hear interlocutory appeals regarding the dismissal of plaintiff's TCPA claim and the certification of a class in this action. In addition, the Court has found that defendants violated CEMA, but that the violation can be remedied only through injunctive relief under that statute, not by an award of damages. Interlocutory review of only one prong of the Court's CPA analysis will not materially advance the ultimate termination of the litigation and all but guarantees multiple appeals. The request for certification under § 1292(b) is therefore DENIED.

The Court has *sua sponte* considered whether certification of the state law issues to the Washington Supreme Court is warranted. Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

The Court finds that this matter involves dispositive issues of first impression regarding

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT            -2-

the interpretation of CEMA and the interplay between CEMA and the CPA. Although the Court has already expended "time, energy and resources" considering these issues, obtaining the input of the state's highest court will ensure that this case proceeds to judgment (and through any appeal) on a firm legal footing. This matter will therefore be presented for expedited review pursuant to RCW 2.60.020. The following questions are hereby certified to the Supreme Court of Washington:

> Does the recipient of a text message that violates CEMA have a private right of action for damages (as opposed to injunctive relief) directly under that statute?

> Does the liquidated damages provision of CEMA, RCW 19.190.040(1), establish the causation and/or injury elements of a CPA claim as a matter of law or must the recipient of a text message that violations CEMA first prove injury in fact before he or she can recover the liquidated damage amount?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. # 44-51, 54, 151, 152, 155-59, and 162-164. The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

The defendant in this action is designated as the appellant before the Supreme Court of Washington. The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT            -3-

1    The Court will consider plaintiff's second motion for reconsideration (Dkt. # 168) when it
2 is fully briefed. The remainder of the case is hereby STAYED until the Supreme Court of
3 Washington answers the certified questions.

     Dated this 22nd day of April, 2016.

                                    *signature*

                                    Robert S. Lasnik
                                    United States District Judge

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT          -4-