THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH WRIGHT, on his own behalf and on behalf of other similarly situated persons,

Plaintiff,

v.

LYFT, INC., a Delaware corporation,

Defendant.

Case No. 2:14-cv-00421-BJR

DECLARATION OF DONALD W. HEYRICH IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Donald W. Heyrich, declare as follows:

1.   I am an attorney of record for Plaintiff Kenneth Wright and the certified class.  I have personal knowledge of the matters set forth herein and if called to do so I could and would testify competently under oath.  If called to testify as to the matters set forth herein, I could and would do so competently.

2.   Attached hereto as EXHIBIT 1 is a true and correct copy of the Stipulation and Settlement Agreement executed by the parties and counsel in this matter.  This settlement was reached after 4 years of hotly contested litigation and extensive negotiations between the parties.

3.   With risks on significant legal issues, the parties first agreed to mediate this matter on September 17, 2014.  The parties engaged the Honorable Terrence Lukens (Ret.), an experienced mediator and former Judge of the King County Superior Court, who has developed

DECLARATION OF DONALD W. HEYRICH
(Case No. 2:14-cv-00421-BJR) - 1

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

a respected reputation as a mediator of TCPA and CEMA cases.  The case did not resolve at that first mediation, but the parties continued to negotiate.

4.   One year later, on October 6, 2015, after further legal developments in the case, the parties convened a second mediation with Judge Lukens.  The parties were unable to resolve the case in that second mediation.

5.   After the Washington Supreme Court issued its ruling on the certified questions, and due to the significance of the case and the difficulty in finding a resolution, the parties agreed to the expense and time necessary to conduct a full-day mediation out-of-state.  On October 30, 2017, the parties attended a full-day mediation in Corona del Mar, California, with Gary A. Feess, a retired United States District Court Judge for the Central District of California.  The parties were unable to resolve the case at the mediation with Judge Feess but continued negotiations by telephone with Judge Feess and later directly between counsel.

6.   The parties continued settlement discussions for several months and worked on putting together the settlement agreement presented to the Court in this motion.

7.   The class is believed to include at least 330,000 individuals. The amount of each share will turn on how many class members submit a claim for payment.  However, assuming that 25% of class members in each group submit claims, Plaintiff's counsel estimate that the payments to the class would range from $13 (for Group D) to $132 (for Group A).

## QUALIFICATION TO SERVE AS CLASS COUNSEL

8.   I respectfully submit that I am qualified and competent to represent the proposed class in this case.  I have been a member of the bar for 25 years.  My legal experience is set forth below.

9.   From 1993 to 1995, I served as a law clerk for the Washington Court of Appeals.

DECLARATION OF DONALD W. HEYRICH
(Case No. 2:14-cv-00421-BJR) - 2

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

10.     From 1995 to 1996, I worked as a Deputy Prosecuting Attorney in the Civil Division of the Office of the King County Prosecuting Attorney, where I defended civil employment cases brought against King County, including class actions.

11.     From 1997 through 2007, I worked as an associate and then was elected partner at Perkins Coie LLP, the 16th largest *Am Law 50* law firm in the United States.  Over that decade, I litigated complex employment and ERISA cases, including class actions, for some of the largest and most sophisticated companies in America.

12.     I left the Perkins Coie partnership in 2007 and co-founded HKM EMPLOYMENT ATTORNEYS LLP.  Our firm has attorneys and offices in 9 cities – Chicago, Denver, Las Vegas, Los Angeles, Kansas City, Pittsburgh, Portland, Seattle, and St. Louis.  I am listed in *Best Lawyers in America* and I have been recognized as a "Washington Super Lawyer" by *Washington Law and Politics* since 2010; a "Leading Lawyer in the Puget Sound Region" by *Seattle Business* (January 2013); and as one of the "Top Lawyers in Washington" by *Washington CEO* magazine (2008).

13.     I am admitted to practice law in the State of Washington and the State of Missouri.  I am also admitted to the following courts:  United States Court of Appeals for the Eighth Circuit; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Tenth Circuit; United States Court of Appeals for the Eleventh Circuit; United States District Court for the District of Oregon; United States District Court for the Eastern District of Washington; and United States District Court for the Western District of Washington.  In addition, I have appeared *pro hac vice* before state or federal courts in Arizona, California, Colorado, Georgia, Idaho, Iowa, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Dakota, and Utah.

14.     I have extensive class action experience.  In my prior work as defense counsel, I

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

was co-counsel in defense of class actions against The Boeing Company, Qwest

Communications International Inc. (now Century Link), and King County.  Some of my

experience representing plaintiffs in class actions includes the following cases:

### Consumer Protection Class Actions

- *Jackson et al. v Capital One Financial Corporation*, No. 08-2-40051-4 (King County Superior Court 2009) (class recovery on claims addressing real estate conveyance fees);

- *Barr v. Oil Express, Inc.*, No. 2:12-cv-00237-MJP (W.D. Wash. 2012) (class claims under the TCPA transferred to Judicial Panel on Multidistrict Litigation);

- *Agne et al. v. Papa John's Int'l et al*, No. 2:10-cv-01139 (W.D. Wash. 2013) (certified nationwide class action and class recovery for damages under the Telephone Consumer Protection Act ("TCPA") and Washington Consumer Electronic Mail Act ("CEMA"));

- *Savage et al. v. Beacon Plumbing et al.*, Case No. 12-2-8363-1 (King County Superior Court 2014) (certified class action and class recovery under the TCPA and CEMA);

- *Ferencz et al. v. Universal Men's Clinic*, No. 13-2-15314-9 (King County Superior Court 2014) (class recovery under TCPA and CEMA);

- *Monaco et al. v. D.A. Davidson Companies*, No. 5:16-cv-332 (C.D. Cal. 2016) (class recovery on claims under the Fair Credit Reporting Act);

- *Gragg et al v. Orange Cab et al.*, No. Case No. 2:12−cv−00576−RSL (W.D. Wash. 2017) (certified class action and class recovery under CEMA);

- *Fisher et al. v Vacasa LLC* (Clackamas County Circuit Court 2018) (pending putative class action on claims alleging consumer overcharging); and

- *Wright et al. v. Lyft, Inc.*, No. 2:14-cv-421-BJR (W.D. Wash. 2018) (this case).

### Data Breach Class Actions

- *Giroux et al. v. Essex Property Trust, Inc.*, No 16-CV-01722-HSG (N.D. Cal. 2018) (this case);

- *Gallagher et. al. v Total Community Options, Inc.*, No. 2017CV30953 (Denver District Court) (pending case addressing the same W-2 phishing action as in the present case).

### Employment Class Actions

- *Passmore et al. v. Duck Delivery Produce, Inc.,* No. 120812581 (Multnomah Superior Court 2013) (class recovery on wage and hour claims);

DECLARATION OF DONALD W. HEYRICH
(Case No. 2:14-cv-00421-BJR) - 4

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

- *Town et al. v. Cascade Hospitality, LLC*, No. 14-2-28148-0 (King County Superior Court 2015) (class recovery on minimum wage claims);

- *Smith et al. v. G.C. Micro Corp.*, No SCV-255394 (Sonoma County Superior Court 2016) (class recovery on wage and hour claims);

- *Stevenson et al. v. Pactera Technologies, Inc.*, No 16-2-3148-0 (King County Superior Court 2017) (class recovery on claims for misclassification of independent contractors);

- *Steeb et al. v. Overlake Hospital Medical Center*, No 15-2-16399-0 (King County Superior Court 2018) (certified class in pending case concerning wage and hour claims);

- *Yi et al. v. The Kroger Co.*, No. 14-2-19935-0 (King County Superior Court 2018) (certified class in pending case concerning wage and hour claims);

- *Carson et al. v. Cheers Bar & Grill*, No. 17-2-29644-9-SEA (King County Superior Court 2018) (pending putative wage and hour class action);

- *Anderson v. Reid Hein & Assoc.*, No 2:16-cv-00785-RSL (W.D. Wash.) (settlement in collective action under Fair Labor Standards Act);

- *McKiernan et al. v. Act Fast Delivery of Washington*, No. 16-2-03389-0-SEA (King County Superior Court 2018) (class settlement on claims regarding misclassification of independent contractors);

- *Sanchez et al. v. Retail Merchandising Services, Inc.*, No. 37-2017-12029 (San Diego Superior Court 2018) (pending putative wage and hour class action); and

- *Colby et al v. Amazon.com*, Case No. 18-2-18959-4 SEA (King County Superior Court) (pending putative class action regarding misclassification of employees as exempt from overtime).

14. Based on my experience, I am of the opinion that the proposed settlement with Lyft is fair, reasonable, adequate, and in the best interests of the Class Members in light of all known facts and circumstances, including the risk of significant delay, the risk that if this matter is litigated the class may not be certified, that it could later be decertified or that Lyft could prevail on one or more of its defenses.

15. My firm is committed to providing all resources, including time, staff, and costs, necessary to litigate this case fully to its conclusion. We take our responsibility as class counsel

DECLARATION OF DONALD W. HEYRICH
(Case No. 2:14-cv-00421-BJR) - 5

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1   seriously and will take all steps necessary to ensure the class is well represented and the interests of the

2   class are protected.

3       I declare under penalty of perjury that the foregoing is true and correct.

4

5       Executed on November 6, 2018, in Seattle, Washington.

6

7                   */s/ Donald W. Heyrich, WSBA #23091*
                    Donald W. Heyrich, WSBA #23091
8                   **HKM ATTORNEYS**
                    600 Stewart Street, Suite 901
9                   Seattle, WA  98101
                    Tel: (206) 838-2504
10                  Fax: (206) 260-3055
                    Email: dheyrich@hkm.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF DONALD W. HEYRICH
(Case No. 2:14-cv-00421-BJR) - 6

# DECLARATION OF SERVICE

I certify that on this date I filed the foregoing document via the ECF system which will serve a copy on the counsel listed below:

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20016
Tel: (202) 263-3000
Fax: (202) 263-3300
Email: aparasharami@mayerbrown.com

BYRNES KELLER CROMWELL LLP
Bradley S. Keller, WSBA #10665
Keith D. Petrak, WSBA #19159
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
        cmam@byrneskeller.com

Dated:  November 6, 2018.

*/s/ Donald W. Heyrich*
Donald W. Heyrich, WSBA #23091

DECLARATION OF DONALD W. HEYRICH
(Case No. 2:14-cv-00421-BJR) - 7

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

# EXHIBIT A

# STIPULATION AND SETTLEMENT AGREEMENT

The Honorable Barbara J. Rothstein

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

KENNETH WRIGHT, on his own behalf and on
behalf of other similarly situated persons,

10

Plaintiff,

11

v.

12

LYFT, INC., a Delaware corporation,

13

Defendant.

14

NO. 2:14-cv-00421-BJR

STIPULATION AND SETTLEMENT
AGREEMENT

15
16
17
18
19
20
21
22
23
24
25
26

It is hereby stipulated and agreed by and among the undersigned Parties (defined below) that, subject to the approval of the Court, the settlement of this Action (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Stipulation and Settlement Agreement (the "Agreement" or "Settlement Agreement").

## I.   <u>RECITALS</u>

**1.01**   On March 24, 2014, plaintiff Kenneth Wright ("Plaintiff") filed a putative class action complaint (the "Complaint") in the United States District Court for the Western District of Washington, captioned *Kenneth Wright v. Lyft, Inc.*, Case No. 2:14-cv-00421 (W.D. Wash.) (the "Action").   On June 6, 2014, Plaintiff filed Plaintiff's First Amended Complaint for Injunctive Relief and Damages (the "First Amended Complaint").   On April 4, 2016, Plaintiff filed Plaintiff's Second Amended Complaint for Injunctive Relief and Damages (the "Second Amended Complaint" or "SAC").   The SAC alleges that defendant Lyft, Inc. ("Defendant") violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Washington Commercial Electronic Mail Act, RCW 19.190.010 *et seq.* ("CEMA"), and the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* ("CPA"), by sending unsolicited commercial text messages to Plaintiff and members of the putative class on telephone numbers assigned to wireless subscribers.

**1.02**   Lyft disputes Plaintiff's allegations in the SAC and denies all liability with respect to the individual claims and claims alleged on behalf of the putative class, among other things. Plaintiff's counsel have conducted a thorough investigation of the facts and law related to this action, including, but not limited to, examining certain documents and data produced by Lyft and various third parties with knowledge and information related to the facts of the case.   The Parties

are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, and up to the date of preliminary approval of the settlement.

**1.03**    This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place over many months.  The Parties have exchanged information and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

**1.04**    The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement.

**1.05**    The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions:

## II.    **DEFINITIONS**

As used in this Agreement and the related documents attached as exhibits (A: Preliminary Approval Order; B: Email Notice and Claim Form; C: Publication Notice; D: Long Form Notice)

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 3

the below terms shall have the meanings set forth below.  The singular includes the plural and vice versa.

**2.01**    "Lyft's Counsel" or "Defendant's Counsel" means Mayer Brown LLP and Byrnes Keller Cromwell LLP.

**2.02**    "Lyft" or "Defendant" refers to Defendant Lyft, Inc.

**2.03**    "Action" means the civil action entitled *Kenneth Wright v. Lyft, Inc.*, Case No. 2:14-cv-00421 (W.D. Wash.).

**2.04**    "Agreement" or "Settlement Agreement" means this Stipulation and Settlement Agreement, including all attached and/or incorporated exhibits.

**2.05**    "Aggregate Fees, Costs, and Expenses" means the aggregate Attorneys' Fees and Costs, the Settlement Administration Costs and the Incentive Award.

**2.06**    "Approved Claim" means a Claim made by a Settlement Class Member that the Settlement Administrator, in its discretion, subject to Class Counsel and Defendant's review, determines to be timely, accurate, complete, and signed.  Defendant retains the right to verify all Approved Claims and notify the Settlement Administrator of any discrepancies, subject to Class Counsel review as set forth in this Agreement.

**2.07**    "Attorneys' Fees and Costs" means all fees, costs and expenses to be awarded as per the Settlement of this Action pursuant to the Fee and Cost Application.

**2.08**    "Benefit Check" means the negotiable check(s) to be sent to the Settlement Class Members pursuant to Section IV of this Agreement.

**2.09**    "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Settlement Administrator pursuant to Section VIII of this Agreement.

**2.10**    "Cash Benefit" means a cash payment from the Settlement Fund to an eligible Settlement Class Member, as set forth in Section IV of this Agreement.

**2.11**    "CEMA" means the Washington Commercial Electronic Mail Act, RCW 19.190.010 *et seq.*, and any regulations or rulings promulgated under it.

**2.12**    "Claim" means a completed Claim Form received by the Settlement Administrator.

**2.13**    "Claim Form" means the claim form to be provided by the Settlement Administrator to Settlement Class Members along with the Email Notice and that will be available online on the Settlement Website.   The Claim Form included with the Email Notice shall be substantially in the form of Exhibit B.2.   The online Claim Form interface shall be developed by the Settlement Administrator and is subject to review and approval by the Parties.

**2.14**    "Class Counsel" means and includes:

Donald W. Heyrich
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

Peter Stutheit
Stutheit Kalin LLC
1 SW Columbia Street, Suite 1850
Portland, OR 97258

**2.15**   "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including but not limited to the Email Notice, the Publication Notice, and the Long Form Notice.

**2.16**   "Class Period" means from June 1, 2012 through the date of preliminary approval.

**2.17**   "Class Representative" or "Plaintiff" means the named plaintiff Kenneth Wright.

**2.18**   "Complaint" means the Second Amended Complaint filed in this Action by Plaintiff and Class Counsel.

**2.19**   "Court" means the United States District Court for the Western District of Washington, and Judge Barbara J. Rothstein or any other judge before whom the Action is pending.

**2.20**   "CPA" means the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*, and any regulations or rulings promulgated under it.

**2.21**   "Effective Date" means the date on which the Final Approval Order and Judgment has become Final as defined in Section 2.24.

**2.22**   "Email Notice" means the written notice that will be electronically mailed to the Settlement Class Members by the Settlement Administrator and will be substantially in the form of Exhibit B.1.

**2.23** "Fee and Cost Application" means the written motion or application by which Plaintiff and/or Class Counsel requests that the Court award Attorneys' Fees and Costs and the Incentive Award.

**2.24** "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Action and (a) the time to appeal from such Order and Judgment has expired and no appeal has been filed, or (b) if an appeal from such Order and Judgment has been filed, it has finally been resolved and has resulted in an affirmance of the Final Approval Order and Judgment, or (c) the Court, following the resolution of any appeal from the Final Approval Order and Judgment, enters a further order or orders approving the Settlement on the terms set forth in this Agreement, and either no further appeal is taken from such order(s) or any such appeal results in the affirmance of such orders.  Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

**2.25** "Final Approval Hearing" means the hearing scheduled to take place no sooner than thirty (30) days after the deadline for filing objections to the settlement, at which the Court shall: (a) determine whether to grant final approval to this Settlement Agreement and to finally certify the Settlement Class; (b) consider any timely objections to this Settlement and all responses thereto; (c) rule on the Fee and Cost Application; and (d) dismiss the Action with prejudice.

**2.26** "Final Approval Order and Judgment" means the order in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 7

**2.27**    "Incentive Award" means the incentive payment to the Class Representative, in accordance with Section V of this Settlement Agreement.

**2.28**    "Litigation" means the legal proceedings in the Action.

**2.29**    "Long Form Notice" means the notice that shall be made available on the Settlement Website, in the form attached as Exhibit D.

**2.30**    "Lyft Database" means the database provided by Lyft to the Settlement Administrator containing the wireless numbers and, if available, the names and/or email addresses of potential recipients of text messages with Washington State area codes during the Class Period.

**2.31**    "Objection Deadline" means sixty (60) days following the deadline for sending notice to the Settlement Class.

**2.32**    "Opt-Out Deadline" means sixty (60) days following the deadline for sending notice to the Settlement Class.

**2.33**    "Parties" shall refer to Plaintiff, the Settlement Class, and Lyft.

**2.34**    "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or government body, including its agents and representatives.

**2.35**    "Preliminary Approval Order" means the Order, such as an Order substantially in the form of Exhibit A, in which the Court grants its preliminary approval to this Settlement

Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Class Notice to the Settlement Class, and appoints the Settlement Administrator.

**2.36**    "Publication Notice" means notice of this Settlement Agreement to be provided to Settlement Class Members under Section 8.03 of the Settlement Agreement substantially in the form attached as Exhibit C.

**2.37**    "Release" means the releases set forth in Section XIII of this Settlement Agreement.

**2.38**    "Released Claims" means the claims released in Section XIII of this Settlement Agreement.

**2.39**    "Released Parties" means: (a) Lyft; (b) Lyft's past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (c) Lyft's successors and predecessors and their respective past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) any persons or entities with which Lyft contracted with or engaged to send commercial text messages; (e) any Lyft users who sent or caused to be sent invitational text messages for the Lyft service; (f) Lyft's insurance carriers; and (g) for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.

**2.40**    "Request for Exclusion" means the written submission submitted by a Settlement Class Member to opt out of the Settlement consistent with the terms of this Settlement Agreement.

**2.41**   "Share" or "Shares" shall have the meanings set forth in Section 4.02 of this Agreement.

**2.42**   "Settlement" means the Settlement set forth in this Agreement between Plaintiff and Lyft and each and every exhibit attached hereto.

**2.43**   "Settlement Administration Costs" means any and all fees and costs incurred in administering the Settlement, to be paid exclusively from the Settlement Fund, including but not limited to, the fees and costs of disseminating all Class Notice, publishing Class Notice, administering and maintaining the Settlement Website, and providing Benefit Checks to Settlement Class Members, but specifically excluding the payment of all Cash Benefits, payment of the Incentive Award, and payment of the any amounts awarded pursuant to the Fee and Cost Application.

**2.44**   "Settlement Administrator" means JND Legal Administration.

**2.45**   "Settlement Class" means and includes "[a]ll Washington residents who, between June 1, 2012, and the date of preliminary approval, received on their cellular telephones one or more invitational or referral text messages through Lyft's 'Invite A Friend' program."   The following are excluded from the Settlement Class:  (1) any judge that may preside over this case; (2) any of the Released Parties, other than Lyft users who sent or caused to be sent invitational text messages; (3) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (4) any person or entity who has previously given a valid release of the claims asserted in the Action; and (5) Plaintiff's Counsel and their employees.

1    **2.46**   "Settlement Class Members" means the Plaintiff and those persons who are
2  members of the Settlement Class, as set forth in the Settlement Class as defined above.

4    **2.47**   "Settlement Fund" means the common fund of three million, nine hundred ninety-
5  five thousand dollars ($3.995 million), which will be the total aggregate amount that Lyft will be
6  obligated to pay by operation of the Settlement, if approved.  This Settlement Fund will constitute
7  Lyft's exclusive payment obligation under the Settlement Agreement and will be used to pay:
8  (a) Cash Benefits paid to Settlement Class Members; (b) Attorneys' Fees and Costs, as awarded
9  by the Court; (c) any Incentive Award awarded to Kenneth Wright; (d) Settlement Administration
10 Costs, including costs of notice (including CAFA Notice).  No portion of the Settlement Fund will
11 be returned to Lyft, unless the Settlement is terminated in accordance with the terms of this
12 Settlement Agreement.

15   **2.48**   "Settlement Website" means the Internet website to be operated and maintained by
16 the Settlement Administrator as described in Section VI of this Settlement Agreement.

18   **2.49**   "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any
19 regulations or rulings promulgated under it.

21   **2.50**   "Total Class Member Benefits Payout" shall have the meaning set forth in Section
22 4.02 of this Agreement.

23   **2.51**   When a deadline or date falls on a weekend or a legal Court holiday, the deadline
24 or date shall be extended to the next business day that is not a weekend or legal Court holiday.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 11

### III.   **ALL PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT**

**3.01**   Lyft's Position On The Conditional Certification Of Settlement Class.  Lyft denies that a litigation class properly could be certified on the claims asserted in this Litigation and disputes that the litigation of this case on a class-wide basis would be manageable.  Solely for purposes of avoiding the expense and inconvenience of further litigation, however, Lyft does not oppose the certification of the Settlement Class for the purposes of this Settlement only.  Certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would Lyft be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding.  No agreements made by or entered into by Lyft in connection with the Settlement Agreement may be used by Plaintiff, any Settlement Class Member, or any other Person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

**3.02**   Plaintiff's Belief In The Merits Of Case.  Plaintiff and his counsel diligently examined documents and data produced by Lyft with knowledge and information related to the facts of this case.  Plaintiff believes that the claims asserted in this Litigation have merit and that the evidence developed to date supports those claims.  This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff.

**3.03**   <u>Plaintiff Recognizes The Benefits Of Settlement</u>.   Plaintiff recognizes and acknowledges, however, the expense and amount of time that would be required to continue to pursue this Litigation against Lyft, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.   Plaintiff has concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement, as such is in the best interest of the members of the Settlement Class. Plaintiff and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described in this Agreement.

## IV.   SETTLEMENT FUND AND SETTLEMENT CLASS RELIEF

In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Release in Section XIII below, and subject to the Court's approval, the Parties agree to the following relief:

**4.01**   <u>Settlement Fund</u>.   Lyft will become obligated to deposit a total of $3,995,000 into the Settlement Fund when this Settlement becomes Final, which Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel.   All of the monies deposited by Lyft into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator.   The interest generated, if any, will accrue to the benefit of the Settlement Class and is to be added into the Settlement Fund.   Lyft shall make deposits into the Settlement Fund in accordance with the following schedule:

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 13

a.    Within twenty-one (21) days of the entry of the Preliminary Approval Order, Lyft will disburse to the Settlement Administrator three hundred thousand dollars ($300,000) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by class members, as well as any other initial administration costs to the Parties.    To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the Effective Date, the Settlement Administrator will bill, and Lyft shall pay, such additional costs. For any additional costs of Settlement Administration that are paid by Lyft, Lyft shall receive a credit against the amounts required to be paid into the Settlement Fund.

b.    All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Lyft (via its counsel) and Class Counsel, which approval shall not be withheld unreasonably.

c.    Lyft will disburse to the Settlement Administrator the remainder of the Settlement Fund within twenty-one (21) days following the Effective Date.

**4.02**    Payments From The Settlement Fund.

a.    The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings thereon, less the amount awarded by the Court for Attorney's Fees and Costs to Class Counsel, the Incentive Award, and the Settlement Administration Costs.  The Total Class Member Benefits Payout shall be distributed to the Settlement Class as follows:

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 14

- **Group A:** each Settlement Class Member who submits a claim and (i) received a text message or messages before February 9, 2015 and (ii) did not accept Lyft's Terms of Service shall be awarded 10 Shares.

- **Group B:** each Settlement Class Member who submits a claim and (i) received a text message or messages before February 9, 2015 and (ii) did accept Lyft's Terms of Service shall be awarded 5 Shares.

- **Group C:** each Settlement Class Member who submits a claim and (i) received a text message or messages on or after February 9, 2015 and (ii) did not accept Lyft's Terms of Service shall be awarded 2 Shares.

- **Group D:** each Settlement Class Member who submits a claim and (i) received a text message or messages on or after February 9, 2015 and (ii) did accept Lyft's Terms of Service shall be awarded 1 Share.

Each Share shall entitle a Settlement Class Member who files a claim to be paid a Cash Benefit that shall be equal to the net of the Total Class Member Benefits Payout divided by the total number of Shares awarded to all claiming Settlement Class Members.  Cash Benefits will be paid via a Benefits Check.

Claimants who submit Approved Claims shall be entitled to receive a Cash Benefit based on the calculation described in Section 4.02(a) above.  Multiple subscribers to, and/or owners or users of, the same telephone and/or number will be entitled to a single recovery per telephone number.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 15

b.      Certain settlement Class Members will be asked to provide either a Taxpayer Identification Number (TIN) or a Social Security Number (SSN) if they are receiving $600 or more in a Cash Benefit due to Internal Revenue Service reporting requirements.  The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval.  The Settlement Administrator will engage in follow-up contact with any Class Member who, upon notice, fails to provide a TIN or SSN. If, after such follow-up contact, no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit will be limited to $599.

c.      If any Benefit Checks are returned, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member.  If, after a second mailing, the Benefit Check is again returned, no further efforts need be taken by the Settlement Administrator to resend the Benefit Check.

d.      The Benefit Checks shall state that they are invalid after one hundred eighty (180) days from the date of the check.  If any Settlement Class Member fails to cash a Benefit Check within that period of time, that Settlement Class Member shall forever waive and release his, her or its claim for payment under this Agreement.

e.      If any amounts remain in the Settlement Fund because Settlement Class Members have their payments capped at $599 because they fail to provide a TIN or SSN or because Settlement Class Members fail to cash their respective Benefit Checks, such unclaimed monies shall be distributed as follows:

(a) *pro rata* to the claiming Settlement Class Members who cashed their initial Benefits Checks, subject to the requirement that if the initial Benefit Check exceeded $599 or the second Benefit check will result in a total payment to the Settlement Class Member that exceeds $599, the Settlement Class Member must provide a TIN or SSN to receive a second Benefit Check; and

(b) to the extent such a distribution is administratively and economically not feasible, to the *cy pres* designated recipient(s), which will be one or more nonprofit organizations mutually agreed upon by the Parties and approved and appointed by the Court.

f.      Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms of this Agreement, shall commence only after the Effective Date.  The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class.  The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth in this Agreement.

g.      No portion of the Settlement Fund will be returned to Lyft, except as provided in Section XIV, Termination of the Agreement.

h.      If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made, other than payments to the Settlement Administrator for services rendered and costs incurred.

1

## V.    ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE

2

3    **5.01**    <u>Attorneys' Fees And Costs</u>.  Class Counsel will file a Fee and Cost Application

4    with the Court for an award of Attorneys' Fees and Costs to be paid from the Settlement Fund.

5    Subject to the conditions set forth in this Agreement, Class Counsel will be entitled to payment of

6    the Attorneys' Fees and Costs awarded by the Court out of the Settlement Fund within thirty (30)

7    days of the Effective Date. Class Counsel intend to request fees not to exceed 25% of the

8    Settlement Fund. Lyft has agreed not to oppose a request for fees up to 25 percent of the Settlement

9    Fund.  This proposed payment of Attorneys' Fees and Costs is subject to Court approval. The

10    parties warrant that they commenced negotiations on proposed Attorneys' Fees and Costs (along

11    with the Incentive Award discussed in Section 5.02) only after they reached agreement on all other

12    material terms of this Settlement Agreement.

13

14    **5.02**    <u>Payment Of The Incentive Award To Class Representative</u>.    The Class

15    Representative will ask the Court to award him an Incentive Award of $5,000 for the time and

16    effort he has invested in the Action.  Lyft has agreed not to oppose that request.  Within thirty (30)

17    days after the Effective Date, and after receiving W-9 forms from the Class Representative, the

18    Settlement Administrator will disburse such funds to the Class Representative as awarded by the

19    Court. The parties warrant that they commenced negotiations on the proposed Incentive Award

20    (along with the Attorneys' Fees and Costs discussed in Section 5.01) only after they reached

21    agreement on all other material terms of this Settlement Agreement.

22

23

24    **5.03**    <u>Settlement Independent Of Award Of Fees, Costs And Incentive Award</u>.  The

25    payments of Attorneys' Fees and Costs and the Incentive Award set forth in Sections 5.01 and

26    5.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 18

the best interests of Settlement Class Members.  This Settlement, however, is not dependent or conditioned upon the Court's approving Plaintiff's and/or Class Counsel's requests for such payments or awarding the particular amounts sought by Plaintiff and/or Class Counsel.  In the event the Court declines Plaintiff's and/or Class Counsel's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

**5.04**    In the event that the Settlement does not become effective for any reason, including termination by one or more of the parties as contemplated by the terms of this Agreement, the agreement to pay Attorneys' Fees and Costs shall be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated proceedings in this matter.  No statements made or actions taken by either party in furtherance of this Attorneys' Fees and Costs Application constitute or may be used as an admission of, or evidence of, the validity or invalidity of any claims for Attorneys' Fees and Costs.

## VI.    SETTLEMENT ADMINISTRATION AND COSTS

**6.01**    Costs Of Notice.  All costs of providing Class Notice, including the costs of identifying members of the Settlement Class and the costs of printing, web hosting and/or publishing the Class Notice, shall be paid for out of the Settlement Fund, subject to the terms of this Settlement Agreement.  In the event that this Settlement Agreement is terminated in accordance with its terms, Lyft shall bear any costs of providing Class Notice already incurred.

**6.02**    Costs Of Administering Settlement.  All Settlement Administration Costs shall be paid for out of the Settlement Fund.  In the event that this Settlement Agreement is terminated in accordance with its terms, Lyft shall bear any Settlement Administration Costs already incurred.

**6.03**   <u>Settlement Administrator</u>.  The Settlement Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth below.  Those responsibilities include, but are not limited to:

a.   issuing and completing Class Notice, as provided in Section VIII of this Settlement Agreement;

b.   obtaining complete name and address information for Settlement Class Members (where possible) and new addresses for returned emails;

c.   creating and maintaining a Settlement Website, from which Settlement Class Members can access copies of the Complaint, this Settlement Agreement, the Long Form Notice, Email Notice and Claim Form, the Preliminary Approval Order and other important documents and information about the Settlement;

d.   setting up a toll-free telephone number to answer questions from potential Settlement Class Members about the settlement;

e.   acting as a liaison between Settlement Class Members and the Parties;

f.   handling the process of mailing Benefit Checks,

g.   preparing and providing a declaration to Lyft's counsel and Class Counsel, no later than seven (7) calendar days prior to the Final Approval Hearing, that will: (i) attest to compliance with the provisions of this Settlement Agreement related to Class Notice; and (ii) list each Settlement Class Member who timely and validly opted out of the Settlement; and

h.     performing any other tasks reasonably required to effectuate the Settlement.

## VII.     CLAIMS PROCESS

**7.01**   <u>Claims Forms</u>.  To be eligible to receive a Cash Benefit, a Settlement Class Member must submit a Claim Form that is determined by the Settlement Administrator to be valid, pursuant to the Claim Review Process set forth in Section 7.04, below.

a.     A Claim Form must include the following information:  (i) the full legal name of the Settlement Class Member, (ii) the Settlement Class Member's Claim Number, which will be provided by the Settlement Administrator, (iii) a valid, current telephone number for the Settlement Class Member, and (iv) a valid email address for the Settlement Class Member, if available.

b.     The Claim Form and Instructions for submission are attached to this Agreement along with the Email Notice as Exhibit B.

c.     Each Settlement Class Member shall affirm that their statements in the Claim Form are true and correct to the best of their knowledge and belief.

**7.02**   <u>Submission of Claims</u>.  Notices delivered via email to Settlement Class Members shall contain a hyperlink to the Claim Form. Settlement Class Members may submit a Claim Form electronically through the Settlement Website.  Settlement Class Members may also submit a Claim Form by mail at their own expense. The Settlement Website shall include a downloadable, printable Claim Form.

**7.03**   <u>Claims Period</u>. To be valid, Claim Forms submitted online via the Settlement Website must be submitted no later than sixty (60) days after the Class Notice Date.  To be valid, Claim Forms submitted by mail must be postmarked no later than sixty (60) days after the Class Notice Date.

**7.04**   <u>Claims Review Process</u>.  Lyft shall have the right to verify the accuracy of information submitted during the Claims Process, either through its own records or through the Settlement Administrator, to ensure that claimants are Settlement Class Members and that they have submitted valid claims.

a.   Any Claim Form that does not contain substantially all of the required information may be deemed invalid. However, the Settlement Administrator may call, email or mail such Settlement Class Mpember notifying them of the missing information and/or deficiencies and providing them with an opportunity to cure (the "Cure Notice"). Settlement Class Members shall have until the end of the Claims Period or thirty (30) days from the date of e-mailing or mailing the Cure Notice to the Settlement Class Member, whichever is longer, to cure defective or incomplete claims. The 30-day cure period may extend after the end of the Claims Period for submission of Claim Forms so long as the original Claim Form was timely submitted.

b.   The Settlement Administrator shall attempt to obtain a valid email address for each Claim Form received that did not include a valid email address.  Failure to provide an email address is not a basis to deny a claim that otherwise contains substantially all of the required information on the Claim Form.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 22

c.      The Settlement Administrator shall have the right to reject any claims that are deemed to be fraudulent or invalid or any claims that are deemed to be defective or incomplete after the Settlement Class Member has been provided an opportunity to cure pursuant to Section 7.04(a) above.

## VIII.   CLASS NOTICE

**8.01**    In the event that the Court enters the Preliminary Approval Order, the Settlement Administrator will provide Class Notice to the Settlement Class as provided for in this Agreement.

**8.02**    Notice and Claim Form.

a.      For the purposes of providing Class Notice and administering the Settlement, Lyft shall provide to the Settlement Administrator the Lyft Database within thirty (30) days of entry of the Preliminary Approval Order.  The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator (such as reverse lookups of wireless phone numbers) in an attempt to identify complete name, address, and email information of each Settlement Class Member.  The Notice and Claim Form, as set forth below, will be provided to all persons in the Lyft Database within sixty (60) calendar days following entry of the Preliminary Approval Order.

b.      The Settlement Administrator will send the Notice by email to all Settlement Class Members whose email addresses are listed in the Lyft Database or can otherwise be identified.  For all email returned as undeliverable, the Settlement Administrator will perform data searches and other reasonable steps to attempt to obtain better contact information on the Settlement Class Member, and shall re-mail such Notices at least one additional time.  If the

Settlement Administrator is unable to locate a Settlement Class Member's e-mail address but is able to identify that Settlement Class Member's name and mailing address, the Settlement Administrator must mail a Notice to that Class Member.   All costs of research, address determination and confirmation, data searches, and re-mailing of undeliverable Notices will be considered Settlement Administration Costs and deducted from the Settlement Fund.

**8.03**    Publication Notice.   The parties have diligently investigated whether name and address information is available for potential class members whose email addresses are unknown. Because the parties have determined that this information may not available for many class members, the best notice that is practicable for settlement class members whose other contact information is unknown is publication notice.   The Settlement Administrator or Defendant will cause to be published the Publication Notice once in the following publication, not later than sixty (60) calendar days after entry of the Preliminary Approval Order: *The Spokesman Review* and *The Seattle Times*.   The Publication Notice shall be sized for a one-quarter page ad in each publication.

**8.04**    Settlement Website.   After entry of the Preliminary Approval Order and prior to the date of the mailing of the Notice, the Settlement Administrator shall cause the Complaint, Long Form Notice, Claim Form, and this Settlement Agreement to be made available on a dedicated Settlement Website to be administered by the Settlement Administrator.

**8.05**    CAFA Notice.    Defendant, through the Settlement Administrator, will be responsible for serving the required CAFA Notice no later than ten (10) calendar days after the filing of the motion for preliminary approval of the settlement.   Both Defendant and Class Counsel

shall ensure that the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this paragraph.

**8.06**    The Settlement Administrator shall have discretion to make minor revisions to the format of the Class Notice in a reasonable manner to reduce mailing or administrative costs. Before Class Notice is commenced, Class Counsel and Lyft's Counsel shall first be provided with a proof copy of any and all Class Notices (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's Orders.

**8.07**    <u>Declarations Of Compliance</u>.    The Settlement Administrator shall prepare a declaration attesting to compliance with the Class Notice requirements of this Settlement Agreement.  Such declaration shall be provided to Class Counsel and Lyft's Counsel and filed with the Court no later than seven (7) days prior to the Final Approval Hearing.

**8.08**    <u>Best Notice Practicable</u>.  The Parties agree that compliance with the procedures described in this Section is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, rule and/or regulation.

**8.09**    <u>Payments to Settlement Class Members Who Submit Valid Claims</u>.  By no later than forty-five (45) days after the Effective Date, the Settlement Administrator shall send settlement payments to all Settlement Class Members who submitted valid claims.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 25

## IX.   **PRELIMINARY APPROVAL**

**9.01**   Order Of Preliminary Approval.  As soon as practicable after the execution of this Settlement Agreement, Class Counsel shall apply for entry of the Preliminary Approval Order in the form of Exhibit A.  The proposed Preliminary Approval Order shall include provisions:

a.     preliminarily certifying the Settlement Class for settlement purposes only;

b.     preliminarily approving this Settlement and finding this Settlement sufficiently fair, reasonable and adequate to allow Notice to be disseminated to the Settlement Class;

c.     approving the form, content, and manner of the Class Notice;

d.     appointing JND Legal Administration as the Settlement Administrator;

e.     setting a schedule for proceedings with respect to final approval of this Settlement, including scheduling a Final Approval Hearing for no earlier than thirty (30) days after the deadline for Class Members to file written objections to the settlement.

f.     providing that, pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Lyft or other Released Parties asserting any of the Released Claims;

g.     staying the Action, other than such proceedings as are related to this Settlement; and

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 26

1

2

h.      providing that no admissions have been made by Lyft.

3

## X.      OPT-OUTS AND OBJECTIONS

4

**10.01**   Opting Out Of The Settlement.   A Settlement Class Member wishing to make a

5

Request for Exclusion from the Settlement Class shall mail the request in written form, by first

6

class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as

7

specified in the Class Notice, within sixty (60) days after the deadline for sending notice.  Such

8

Request for Exclusion shall clearly indicate the name, address, and telephone number of the person

9

or entity seeking exclusion, and the name and case number of the case; must be signed by such

10

person; and shall state that the Settlement Class Member excludes him or herself from the

11

Settlement.  The Request for Exclusion shall not be effective unless it provides the required

12

information and is postmarked no later than the Opt-Out Deadline, or the exclusion is otherwise

13

accepted by the Court.  No Settlement Class Member, or any person acting on behalf of or in

14

concert or in participation with that Settlement Class Member, may request exclusion of any other

15

Settlement Class Member from the Settlement Class.  Copies of Requests for Exclusion will be

16

provided by the Settlement Administrator to Class Counsel and to Lyft's Counsel not later than

17

seven (7) days after the Opt-Out Deadline.  The Requests for Exclusion shall be filed with the

18

Court by the Settlement Administrator in connection with the Plaintiff's Motion for Final Approval

19

of the Class Action Settlement.

20

21

**10.02**   Deadline.  The Settlement Administrator will provide the Parties with copies of

22

each Request for Exclusion it receives, and will provide a list of each Settlement Class Member

23

who timely and validly opted out of the Settlement in its declaration filed with the Court, as

24

required by Section VI.  Settlement Class Members who do not properly and timely submit a

25

26

Request for Exclusion will be bound by this Settlement Agreement and the Judgment, including the Release in Section XIII below.  Any member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member and will not be bound by the terms of this Settlement Agreement.

**10.03**  Objections.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.

a.  In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, and must state the reasons for his, her or its objection, and whether he, she or it intends to appear at the Fairness Hearing on his, her or its own behalf or through counsel.  Any documents supporting the objection must also be attached to the objection.

b.  The Parties will have the right to depose or seek discovery from any objector to assess whether the objector has standing or the objection has merit.

**10.04**  Fairness Hearing.  Any Settlement Class Member who has timely filed an Objection may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the Settlement.

## XI.   **FINAL APPROVAL AND JUDGMENT ORDER**

**11.01**  No later than seven (7) calendar days prior to the Final Approval Hearing, the Settlement Administrator will file with the Court and serve on counsel for all Parties a declaration

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 28

stating that the Class Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**   If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than seven (7) calendar days prior to the Final Approval Hearing:

      a.      All Parties will request, individually or collectively, that the Court enter the Final Approval Order, with Class Counsel filing a memorandum of points and authorities in support of a motion seeking Final Approval; and

      b.      Class Counsel and/or Lyft may file a memorandum addressing any Objections submitted to the Settlement.

**11.03**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any objections to the Settlement should be overruled, whether the Attorneys' Fees and Costs requested by Class Counsel and Incentive Award to the Class Representative should be approved, and whether a Judgment finally approving the Settlement should be entered.

**11.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and enters a final Judgment and:

      a.      finds that the Class Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

b.      finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

c.      finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the Release and the covenant not to sue set forth in Section XIII, and that this Settlement Agreement should be and is approved;

d.      dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

e.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Lyft or any of the Released Parties; and

f.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.

## XII.   <u>RELEASE OF CLAIMS</u>

**12.01** <u>Release</u>.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  Plaintiff and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or

1  federal court, in arbitration, or with any state, federal or local government agency or with any

2  administrative or advisory body, arising from the Released Claims.  The Release does not apply to

3  members of the Settlement Class who opt out of the Settlement by submitting a valid and timely

4  Request for Exclusion.

5

6      **12.02**  <u>Released Claims</u>. "Released Claims" means any and all claims, causes of action,

7  suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses,

8  controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any

9  federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule,

10  regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory

11  ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted

12  or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or

13  compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to

14  Lyft initiating, sending, or assisting in the transmission of any text message containing a Lyft-

15  related advertisement, promotion, or invitation to Settlement Class Members during the Class

16  Period, including but not limited to: all claims under the TCPA and any other federal law; all

17  claims under Washington state law, including claims arising under CEMA and the CPA; and any

18  other claims arising under the laws of all other states. Without limiting the foregoing, the Released

19  Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or

20  suspect to exist in their favor at the time that the Settlement and the releases contained therein

21  become effective.

22

23      **12.03**  <u>Waiver Of Unknown Claims</u>.  Without limiting the foregoing, the Released Claims

24  specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 31

to exist in their favor at the time that the Settlement and the releases contained therein become effective.  This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**12.04**  Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**12.05**  <u>Covenant Not To Sue</u>.  Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 32

# XIII.   **TERMINATION OF AGREEMENT**

**13.01**   Either Plaintiff Or Defendant May Terminate The Agreement.  Plaintiff and Lyft will each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within fourteen (14) days of any of the following occurrences:

      a.      the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order with respect to the Settlement Agreement;

      b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

      c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes the Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court's approval of Attorneys' Fees and Costs or the Incentive Award, or their amount, is not a condition of the Settlement;

      d.      the Effective Date does not occur;

      e.      more than five percent (5%) of the Class opts out; or

      f.      any other ground for termination provided for elsewhere in this Agreement occurs.

**13.02**  <u>Revert To Status Quo If Plaintiff Or Defendant Terminates</u>.  If either Plaintiff or Lyft terminates this Agreement as provided in Section 14.01, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated.  However, any payments made to the Settlement Administrator for services rendered to the date of termination will not be refunded to Lyft.

**13.03**  If the Settlement Agreement is not approved in full by the Court, any Party has the option to terminate the Settlement Agreement and revert to the status quo prior to the Settlement.

## XIV.   NO ADMISSION OF LIABILITY

**14.01**  Lyft denies any liability or wrongdoing of any kind associated with the alleged claims in the Complaint.  Lyft has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing in this Settlement Agreement will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing in this Settlement Agreement will constitute an admission by Lyft that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Lyft or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Lyft in any civil, criminal, or administrative

proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**14.02**   Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**14.03**   The Parties agree that all information obtained from or provided by Lyft in connection with this Settlement Agreement and its negotiation shall be kept confidential and that such information shall be used only for the purposes allowed by this Settlement Agreement and for no other purpose.

**14.04**   If any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with only the details of the Settlement as published pursuant to the Preliminary Approval Order or as stated in the application seeking preliminary approval.  No Party shall disparage any other in any fashion.  In no event shall Plaintiff, Class Counsel or their respective agents inaccurately characterize the terms of the Settlement or the Agreement.  The Parties agree that nothing in this Settlement Agreement shall be construed to prohibit communications between Lyft and any of the other Released Parties about the Settlement or any related topic.  Nothing in this Settlement Agreement shall be construed to prohibit communications between Lyft and any Settlement Class Member in the regular course of Lyft's businesses.  Lyft agrees that it will not initiate

communications with class members about the Settlement or this Agreement, and that it will endeavor to refer inquiries by Class Members about the Settlement or the Agreement to the Settlement Administrator, the Settlement Website or to Class Counsel.

## XV.   **MISCELLANEOUS**

**15.01**   Entire Agreement.   This Agreement, the exhibits hereto, and the termination provision referenced in Section XIII above constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**15.02**   Successors.   Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the Settlement Class Members, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

**15.03**   Potential Changes To Attachments.   The Parties agree to request that the Court approve the forms of the Preliminary Approval Order attached as Exhibit A, the Email Notice and Claim Form attached as Exhibit B, the Publication Notice attached as Exhibit C, and the Long Form Notice attached as Exhibit D.  The fact that the Court may require non-substantive changes to any of these documents does not invalidate this Settlement Agreement.

**15.04**   Governing Law.   This Agreement will be governed by the laws of the State of Washington except to the extent inconsistent with or preempted by federal law.

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 36

**15.05** <u>Jurisdiction</u>.  The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

**15.06** <u>No Construction Against Drafting Party</u>.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was drafted or prepared by that Party.

**15.07** <u>Resolution Of Disputes</u>.  The Parties will cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a Motion for Preliminary Approval with the Court and to take any other actions required to effectuate this Settlement.  Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**15.08** <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**15.09** <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**15.10** <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**15.11**  <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of Lyft and Plaintiff, and approved by the Court.

**15.12**  <u>Terms and Conditions Not Superseded</u>.  Except as expressly provided herein, nothing in this Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Lyft and its users.

**15.13**  <u>No Collateral Attack</u>. This Agreement shall not be subject to collateral attack by any Class Members or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim was improperly denied and/or that a Class Member failed to receive timely notice of the Settlement.

**15.14**  <u>Notices</u>.  Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, overnight delivery or hand delivery, postage prepaid, as follows:

<u>If To Class Counsel</u>:

Donald W. Heyrich

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone:  (206) 838-2504
Fax: (206) 260-3055
DHeyrich@hkm.com

<u>If To Counsel For Lyft:</u>

Archis A. Parasharami

MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Fax: (202) 263-3300
aparasharami@mayerbrown.com

1    IN WITNESS HEREOF, the undersigned have executed this Agreement of Settlement as of:

2    PLAINTIFF:

3

4    _____

     By: Kenneth Wright
5    Dated: November 6, 2018

6

7    ON BEHALF OF PLAINTIFF'S COUNSEL/CLASS COUNSEL:

8

9    _____
     Donald W. Heyrich
10   HKM EMPLOYMENT ATTORNEYS LLP

11   600 Stewart Street, Suite 901
     Seattle, WA 98101
12   Dated: November 6, 2018

13

14   LYFT, INC.:

15

16   _____

17   By: _____

18   Its: _____

19   Dated: November 6, 2018

20   ON BEHALF OF DEFENDANT'S COUNSEL:

21

22   _____
     Archis A. Parasharami
23   Mayer Brown LLP

24   1999 K Street N.W.
     Washington, D.C. 20016
25

26   Dated: November 6, 2018


     STIPULATION AND SETTLEMENT AGREEMENT
     (NO. 2:14-cv-00421-BJR) - 40

1    IN WITNESS HEREOF, the undersigned have executed this Agreement of Settlement as of:

2    PLAINTIFF:

3

4    _____

5    By: Kenneth Wright
      Dated:  November 6, 2018

6

7    ON BEHALF OF PLAINTIFF'S COUNSEL/CLASS COUNSEL:

8

9    _____

10   Donald W. Heyrich
     HKM EMPLOYMENT ATTORNEYS LLP

11   600 Stewart Street, Suite 901
     Seattle, WA 98101

12   Dated:  November 6, 2018

13

14   LYFT, INC.:

15

16

17   By: _____Kristin Sverchek_____

18   Its: _____General Counsel_____

19   Dated: November 6, 2018

20   ON BEHALF OF DEFENDANT'S COUNSEL:

21   */S/  SIGNED PER ELECTRONIC  APPROVAL*

22   _____
     Archis A. Parasharami

23   Mayer Brown LLP

24   1999 K Street N.W.
     Washington, D.C. 20016

25

26   Dated:  November 6, 2018

STIPULATION AND SETTLEMENT AGREEMENT
(NO. 2:14-cv-00421-BJR) - 40

# EXHIBIT A

# Proposed Order Re Preliminary Approval

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KENNETH WRIGHT, on his own behalf and on behalf of other similarly situated persons,

Plaintiff,

v.

LYFT, INC., a Delaware corporation,

Defendant.

NO. 2:14-cv-00421-BJR

**[PROPOSED] ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

**[PROPOSED] ORDER**

This Court, having considered Plaintiff Kenneth Wright's Motion for Preliminary Approval of Settlement and all exhibits thereto, hereby orders as follows:

1.      The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Final Approval Hearing described at Paragraph 23 of this Order.

2.      The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3.      The Court has jurisdiction over the subject matter of the Action and the Parties, including all Settlement Class Members, and venue is proper in this District.

4.      For purposes of this settlement only, and without prejudice to defendant Lyft, Inc.'s right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court finds that the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied and in particular finds that Wright and Class Counsel are adequate representatives of the Settlement Class.

5.      For purposes of this Settlement only, and without prejudice to Lyft's right to contest class certification in the event that the proposed Settlement is not fully implemented, the proposed settlement set forth in the Agreement is preliminarily approved because it is within the range of approval as fair, reasonable, and adequate, and accordingly, notice of the Settlement should be given to members of the Settlement Class (as defined in the following paragraph).

6.      The Court hereby provisionally certifies the following Settlement Class in accordance with the Agreement, and pursuant to FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3), for settlement purposes only:

[PROPOSED] ORDER RE: MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT (NO. 2:14-cv-00421-BJR) - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

> All Washington residents who, between June 1, 2012, and the date of preliminary approval, received on their cellular telephones one or more invitational or referral text messages through Lyft's "Invite A Friend program.

> Excluded from the settlement class are: (i) any judge that may preside over this case; (ii) any of the Released Parties, other than Lyft users who sent or caused to be sent invitational text messages; (iii) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (iv) any person or entity who has previously given a valid release of the claims asserted in the Action; and (v) Plaintiff's Counsel and their employees.

7.       For the purpose of this preliminary approval and all matters relating to the Settlement of this Action, and without prejudice to Lyft's right to contest the appointment of Wright as the representative of the Settlement Class and/or the appointment of Class Counsel in the event that the proposed Settlement is not fully implemented, until further order of the Court, Plaintiff Kenneth Wright shall be the Representative of the Settlement Class and Representative Plaintiff's counsel of record is appointed as counsel for the Settlement Class ("Class Counsel"). The law firms representing the Class and who shall comprise Class Counsel are:

Donald W. Heyrich
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

Peter Stutheit
Stutheit Kalin LLC
1 SW Columbia Street, Suite 1850
Portland, OR 97258

8.       JND Legal Administration ("Settlement Administrator") is hereby appointed to serve as Settlement Administrator.

9.       Defendant is hereby Ordered to prepare and provide to the Settlement Administrator the Lyft Database as defined in Section 8.02 of the Settlement Agreement within thirty (30) days after the entry of this Order.

[PROPOSED] ORDER RE: MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT (NO. 2:14-cv-00421-BJR) - 3

1

2       10.     The Settlement Administrator shall carry out all duties and responsibilities of the

3    Settlement  Administrator  specified  in  the  Agreement;  maintain  the  confidentiality  of  all

4    Confidential Material; and use the information contained in the Lyft Database solely for purposes

5    of implementing this Settlement and for no other purposes whatsoever.

6       11.     The parties, Lyft's Counsel, and Class Counsel shall comply with the terms of the

7    Settlement Agreement, which are incorporated by reference into this Order.

8       12.     The Exhibits to the Stipulation and Settlement Agreement:  Email Notice (Exhibit

9    B); Publication Notice Form (Exhibit C); and Long Form Notice (Exhibit D), are hereby approved.

10      13.     Within sixty (60) days after the entry of this Order, pursuant to the procedures

11   detailed in the Agreement, the Settlement Administrator shall provide notice of this Settlement

12   and of the Final Approval Hearing to all potential Settlement Class Members by electronic mail or

13   (if an e-mail address is not available, by first class mail, if a mailing address is available) to each

14   person identified in the Lyft Database.

15      14.     The reasonable costs and expenses of printing, preparing and mailing the Class

16   Notice, and the reasonable costs and expenses of the Settlement Administrator, and other related

17   administrative expenses shall be borne by the Class.

18      15.     Prior to the Final Approval Hearing described in paragraph 23 below, Class

19   Counsel shall serve and file a sworn statement of the Settlement Administrator evidencing

20   compliance with the provisions of this Order relating to the Class Notice after Lyft has reviewed

21   the Settlement Administrator's sworn statement.

22      16.     Notice to potential Settlement Class Members in accordance with the provisions of

23   the Agreement and paragraph 13 of this Order is hereby found to be: (a) the best Notice practicable

24   under the circumstances; (b) valid, due and sufficient notice of this Order to all persons affected

25

26

[PROPOSED] ORDER RE: MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT (NO. 2:14-cv-00421-BJR) - 4

by and/or entitled to participate in the Settlement; and (c) in full compliance with the notice requirements of FED. R. CIV. P. 23 and due process to all persons entitled to such Notice.

17.     Any Settlement Class Member wishing to be excluded from the Settlement Class shall mail a request for exclusion ("Request for Exclusion"), pursuant to Section 10 of the Agreement, to the Settlement Administrator, postmarked no later than sixty (60) days following the Class Notice Date (the "Opt-Out Deadline").  Requests for exclusion that do not include all required information and/or are not transmitted as to the instructions set forth in the Class Notice will not be honored.  Upon receipt, the Settlement Administrator shall forward a copy of any request for Exclusion to Class Counsel and to counsel for Lyft within seven (7) calendar days after the Opt-Out Deadline.  Such request shall set forth:  the name, address, and telephone number of the Settlement Class Member, and contain the words "opt-out," "exclusion," or other words clearly indicating an intent not to participate in the Settlement.  Requests for exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Any Settlement Class Member who does not properly and timely request exclusion shall be included in the Settlement Class and shall be bound by the determinations of the Court, and any Final Judgment entered in the Action, if this Settlement receives Final Approval from the Court. The specific date and deadline for requesting exclusion by a Settlement Class Member shall be set forth in the Class Notice.

18.     At least seven (7) days prior to the Final Approval Hearing the Settlement Administrator shall file with the Court a sworn statement listing all persons who have submitted timely requests for exclusion.

19.     The Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion from Settlement Class Members and shall preserve all such communications until

administration is complete or further order of the Court.  All written communications received from Settlement Class Members to the Settlement Administrator and all written responses to inquiries by Settlement Class Members from the Settlement Administrator relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Lyft's counsel and Class Counsel, subject to further Order of the Court if issues of privilege or confidentiality arise.  Notice to Settlement Class Members shall designate the Settlement Administrator as the person to whom Requests for Exclusion shall be sent.

20.   All other events contemplated under the Agreement to occur after this Order and before the Final Approval Hearing described in paragraph 23 of this Order shall be governed by the Agreement to the extent not inconsistent with this Order.

21.   Any petitions for attorneys' fees and reimbursement of expenses by Class Counsel and requests for an incentive award to the Named Plaintiff shall be filed no later than 30 days after the Class Notice Date.  Any Memoranda in support of Final Approval of the Settlement shall be filed no later than seven (7) days prior to the Final Approval Hearing.

22.   A Final Approval Hearing shall be held before the undersigned at __:__am/pm on _____ in the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 16128, Seattle, Washington 98101, to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, and other related matters.  The Final Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Class.

23.   Any Settlement Class Member who does not opt out of the Settlement may appear at the Final Approval Hearing in person or by counsel, if any appearance is filed and served as

provided in the Class Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, or other related matters. Provided, however, that no person shall be permitted to intervene or otherwise be heard in opposition to the proposed Settlement, and, if approved, the judgment entered thereon, or to the requested award of attorneys' fees and reimbursement of expenses, and no papers or briefs submitted by any person shall be accepted or considered by the Court unless, not later than sixty (60) days following the Class Notice date, such person has:

   a. filed with the Clerk of the Court a notice of such person's intention to intervene or otherwise appear together with a statement that indicates the basis for such intervention or opposition along with any supporting documentation;

   b. served copies of such notice, statement and documentation, together with copies of any other papers or briefs that such person files with the Court, either in person or by mail, upon JND Legal Administration, at 2727 Western Ave, Suite 200, Seattle, WA 98121; and

   c. otherwise complied with the Agreement and Notice for purposes of such hearing.

   24.   Any Settlement Class Member who does not object to the Settlement in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, including but not limited to all other related matters handled during the Final Approval Hearing.

   25.   If the proposed Settlement is not implemented or if the Settlement is terminated for any reason whatsoever, the Settlement, and all proceedings in connection with the Agreement, including, without limitation, all orders entered in connection with the proposed Settlement shall be without prejudice to the rights of the Parties, and all Orders issued pursuant to this proposed

[PROPOSED] ORDER RE: MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT (NO. 2:14-cv-00421-BJR) - 7

Settlement shall be vacated.  In such an event, the Settlement and all negotiations, proceedings and statements made in connection with the proposed Settlement, including without limitation the Agreement, shall be null, void and without effect.  No evidence relating to such negotiations, proceedings, documents, or statements shall be used in any manner or for any purpose in any subsequent proceedings in this Action, or in any other proceeding between the settling parties, and this Action shall revert to its status immediately prior to the execution of the Agreement, including but not limited to its status as a putative class action.

26.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

27.     Upon entry of this Order, and until further Order of the Court, all proceedings in the Action, except those proceedings in furtherance of obtaining final approval of the Settlement, shall be stayed. Until further Order of the Court, Settlement Class Members shall be barred from commencing or prosecuting any action or proceeding in any court or tribunal against the Released Parties asserting Released Claims.

28.     Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Agreement which are not materially inconsistent with either this Order or the terms of the Agreement.

1

2    **IT IS SO ORDERED.**

3

4

5    Dated _____

6

7

8                                     _____

9                                       Barbara J. Rothstein
                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT B.1

# Short-Form Notice

United States District Court, Western District of Washington
*Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR

# If you were a Washington resident and you received one or more Lyft "Invite A Friend" program text messages on your cell phone, you could be entitled to benefits from a class action settlement.

NOTICE OF CLASS ACTION SETTLEMENT. YOUR LEGAL RIGHTS MIGHT BE AFFECTED BY THIS SETTLEMENT. PLEASE READ THIS NOTICE CAREFULLY

**CLAIM NUMBER: XXXXXXXXXX**

You received this Notice because you have been identified as someone who may have received one or more invitational or referral text messages on your cell phone through Lyft's "Invite A Friend" program. If you were a Washington resident between June 1, 2012 and [date of preliminary approval], and you received one or more such text messages, you may be eligible to receive benefits from a proposed class action settlement. The plaintiff in this class action lawsuit alleges that Lyft violated the federal Telephone Consumer Protection Act, the Washington Commercial Electronic Mail Act, and the Washington Consumer Protection Act, by sending unsolicited commercial text messages to the members of the settlement class. Lyft denies any wrongdoing or liability and denies the allegations. The parties have agreed to settle the class action. Eligible class members who file claims are entitled to receive payments under the settlement if it is approved.

If the Court approves the Settlement, a Settlement Fund of $3,995,000 will be paid by Lyft. This Settlement Fund will constitute Lyft's exclusive payment obligation and will be used to pay: (a) Cash Benefits to Settlement Class Members; (b) an Incentive Award of $5,000 to be requested by the Class Representative; (c) Settlement Administration Costs, including costs of notice; and (d) Attorneys' Fees and Costs, as awarded by the Court.

**To receive benefits under the Settlement, you must file a Claim Form by [DATE]**

If you wish to receive benefits under the settlement, you must submit a Claim Form no later than [DATE]. The claim form is available online at www.xxxx.com. If the settlement is approved, the Incentive Award, Settlement Administration Costs, and Attorneys' Fees and Costs will first be deducted from the Settlement Fund. Then, from the remaining balance of the Settlement Fund, the following pro rata shares will be distributed to class members who timely submit valid claim forms:

- If you received one or more text messages through Lyft's "Invite A Friend" program before February 9, 2015 and you never accepted Lyft's Terms of Service, you will receive 10 Shares.
- If you received one or more text messages through Lyft's "Invite A Friend" program before February 9, 2015 and you accepted Lyft's Terms of Service, you will receive 5 Shares.
- If you received one or more text messages through Lyft's "Invite A Friend" program on or after February 9, 2015 and you never accepted Lyft's Terms of Service, you will receive 2 Shares.
- If you received one or more text messages through Lyft's "Invite A Friend" program on or after February 9, 2015 and you accepted Lyft's Terms of Service, you will receive 1 Share.

Based on class counsel's experience, class counsel estimates that each share will have a minimum value of $3.30  and likely will be worth about $13 or more.  The value of your payment will depend in part on

your settlement class group; for example, members of Group A should receive a minimum payment of $33 and likely will receive $132 or more.

Please see www.xxxx.com for additional information about the benefits available under the settlement. If you are a class member, whether you file a claim form or not, any legal claims that you may have or could have in the future regarding the legal and factual issues in this case will be released.  If you do not wish to be bound by the terms of the settlement, you must opt out from the settlement by **[EXCLUSION DATE]**. You also may instead formally object to the settlement by **[OBJECTION DATE]**.  Visit www.xxxx.com for information on how to opt out or object.

To review further information to determine whether you are a class member or to view the Settlement Agreement, Claim Form, and other relevant documents, please visit **www.xxxx.com**, or call the Settlement Administrator toll-free at **1-800-xxx-xxxx** with any questions.

United States District Court, Western District of Washington
*Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR

# EXHIBIT B.2

# Claim Form

United States District Court, Western District of Washington
*Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR

# CLAIM FORM

**TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR (SEE SUBMISSION INFORMATION BELOW) BY [DATE].**

Please read this form carefully and follow the instructions below. **Step 1**: provide the requested information.  **Step 2**: sign the certification.  **Step 3**: submit the Claim Form using one of the identified methods.  You may submit this Claim Form online at www.xxxx.com by [**DATE**] or you may print out and mail the form, or (if you received a hard copy of this form) return the printed form by mail , to: [Settlement Administrator Address] postmarked on or before [**DATE**].

**YOU ARE ONLY ENTITLED TO SUBMIT A CLAIM FORM IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS.**  See the Long Form Notice online at www.xxxx.com or call 1-800-xxx-xxxx if you have questions as to whether you are a member of the Settlement Class.

Each Settlement Class Member is entitled to submit only one claim per unique phone number. Your claim may be rejected if you do not provide the information requested below. Your claim will also be rejected if you do not sign the Claim Form.

## STEP 1: CLAIMANT INFORMATION

Name: _____
              *First*                        *Middle*                      *Last*

Current Address: _____

City:_____ State: _____ Zip: _____

E-mail: _____

Current Phone Number:  _____-_____-_____

## STEP 2: CERTIFICATION

**I hereby certify that (i) I was a Washington resident between June 1, 2012 and [date of preliminary approval]; and (ii) I received one or more invitational or referral text messages on my cell phone through Lyft's "Invite A Friend" program.  I certify that the above information is**

United States District Court, Western District of Washington
*Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR

**true to the best of my knowledge**. I understand that the Settlement Administrator and the Defendant have the right to verify my responses or otherwise dispute any claims that are based on inaccurate responses.

_____        **Date** _____ - _____ - _____
*Signature*                                                                                    *MM    DD     YY*



## STEP 3: METHODS OF SUBMISSION

**Please complete the Claim Form above and return it by one of the following methods:**

[1]  Online by visiting www.xxxx.com and completing an online Claim Form by **[DATE]**.

[2]  By mailing, at your own expense, a completed and signed Claim Form to the Settlement Administrator, postmarked no later than **[DATE],** to: [Settlement Administrator Address].

# EXHIBIT C

# Publication Notice

## NOTICE OF CLASS ACTION SETTLEMENT

If you were a Washington resident between June 1, 2012 and [date of preliminary approval], and you received one or more invitational or referral text messages on your cell phone through Lyft's "Invite A Friend" program, **you may be eligible to receive benefits from a proposed class action settlement.**

The proposed settlement resolves a class action lawsuit, *Kenneth Wright v. Lyft, Inc.*, Case No. 2:14-cv-00421-BJR, in the U.S. District Court for the Western District of Washington, in which the plaintiff alleges that these calls violated the federal Telephone Consumer Protection Act, the Washington Commercial Electronic Mail Act, and the Washington Consumer Protection Act.  The two sides disagree about whether Lyft's conduct was proper, whether Lyft is liable, and if so, the extent of any such liability.  The parties have agreed to resolve the lawsuit by a settlement, which has a total value of $3,995,000.  Eligible class members who file claims are entitled to receive payments under the settlement if it is approved.

**You can learn more about the settlement at www.xxxx.com or by calling 1-800-xxx-xxxx.**

To read a more detailed description of the terms of the proposed Settlement and to read the full Notice of Proposed Class Action Settlement, which more fully describes your rights, please visit www.xxxx.com or call 1-800-xxx-xxxx.  If you wish to receive benefits under the Settlement, **you must file a Claim Form**, which is available online at www.xxxx.com or by calling 1-800-xxx-xxxx.  If the Settlement is approved by the Court, any legal claims you may have against Lyft related to the challenged text messages will be released.

If you do not wish to be bound by the terms of this Settlement, you must opt out from the Settlement by [**Exclusion Deadline**].  You may formally object to the Settlement by [**Objection Deadline**].  Visit www.xxxx.com for information on how to do so.

# EXHIBIT D

# Long Form Notice

United States District Court, Western District of Washington
*Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR

## LEGAL NOTICE BY ORDER OF
## THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF WASHINGTON

# If you were a Washington resident and you received one or more Lyft "Invite A Friend" program text messages on your cell phone, you could be entitled to benefits from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A proposed settlement has been reached in a class action lawsuit known as *Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421-BJR (W.D. Wash.) (the "Action"), alleging that Lyft, Inc. ("Lyft") violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Washington Commercial Electronic Mail Act, RCW 19.190.010 *et seq.* ("CEMA"), and the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* ("CPA"), by sending unsolicited text messages to the members of the Settlement Class. You may be a member of the Settlement Class whose rights are affected by this Action and its proposed settlement. The sole purpose of this notice is to inform you of the settlement so that you may decide what steps to take.

The parties have engaged in comprehensive settlement negotiations and information exchanges. Following the parties' negotiations, the parties have reached an agreement (the "Settlement Agreement") providing for Settlement of the Action and all claims related to the allegation that Lyft sent unsolicited text messages through its "Invite A Friend" program to Plaintiff and members of the settlement class.

The Settlement Agreement affects all individuals in the United States who: (1) were Washington residents at any time between June 1, 2012 and [date of preliminary approval], and (2) received one or more such text messages.

Defined terms, other than those defined in this Notice, shall have the meaning set forth in the Settlement Agreement. A copy of the Settlement Agreement is posted on the Settlement Website at www.xxxx.com.

The Settlement, if approved, would provide for a Settlement Fund in the amount of $3,995,000, which would constitute Lyft's exclusive payment obligation under the Settlement Agreement. The Settlement Fund will be used to pay: (a) Cash Benefits to Settlement Class Members, as provided by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to class representative Kenneth Wright; (d) Settlement Administration Costs, including costs of notice (including notice required under the Class Action Fairness Act); and (e) if necessary, any *cy pres* payment to one or more charitable organizations pursuant to the procedures described in Section IV of the Settlement Agreement. The Settlement avoids the further cost and risk associated with continuing the lawsuit, pays money

to Class Members, and releases Lyft from liability for all claims covered by the release in the Settlement Agreement.

Class Counsel (listed below) believe that the claims asserted in the Action have merit, but that the Settlement is in the best interests of the Settlement Class. Class Counsel have evaluated information made available in the course of the Action and settlement negotiations and have taken into account the risks and uncertainties of proceeding with this litigation. Those risks include the uncertainty of prevailing on the merits, proving damages at trial, and prevailing on post-trial motions and likely appeals. Based upon their consideration of these factors, and on the substantial time and expense that will be incurred, Class Counsel believe it is in the best interests of the Settlement Class to settle the Action and the Class Released Claims on the terms described below.

Lyft denies any wrongdoing and does not believe that it has any liability to the Class Representative or the Settlement Class. Lyft, however, believes that it is in its best interest to settle the Action, under the terms of the Settlement Agreement, and obtain closure on these matters for the purpose of avoiding the uncertainties, expense, and diversion of business resources resulting from further litigation.

This notice does not imply that there have been or would be any findings of violation of the law by Lyft or that recovery could be had in any amount if the Action were not settled.

The following is a summary of pertinent provisions of the Settlement Agreement and is not a complete statement of the Settlement or of the Action. To take effect, the Settlement Agreement must be approved by the Court. You can view a copy of the Settlement Agreement by visiting the website at www.xxxx.com, where you will find the Claim Form, answers to common questions about the Settlement, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a Cash Benefit.

**Your legal rights are affected whether you act or do not act.**
**Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OPTION** | **RESULT** |
| **FILE A CLAIM FORM AND RECEIVE A CASH BENEFIT** | If you are a Settlement Class Member and send the Settlement Administrator a Claim Form containing the required information, you will receive a Cash Benefit in the form of a settlement check. Depending upon the amount of the payment that you will receive, you may be required to provide a Taxpayer Identification or a Social Security Number to the extent required by Internal Revenue Service regulations. Cash Benefits will be paid from the Settlement Fund, after the payment of Attorneys' Fees and Costs, an Incentive Award, and Settlement Administration Costs.<br><br>Each class member who files a Claim Form with an Approved Claim will receive a *pro rata* share (described more fully below) of the net Settlement Fund. Multiple subscribers or users of any unique telephone number will be entitled only to a single recovery.<br><br>If you file a claim or if you do nothing, you will give up the right to sue Lyft separately for the legal claims in this case released by the Settlement. |
| **EXCLUDE YOURSELF OR "OPT OUT" OF THE SETTLEMENT** | If you ask to be excluded, also known as "opting out," you will get no Cash Benefit from the Settlement, but you may be able to pursue or continue your own lawsuit against Lyft about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you believe the Settlement is unfair. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement (but only if you object to the Settlement). |
| **DO NOTHING** | If you do nothing, you will not receive a Cash Benefit but you will release your claims. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement.

Payments will be made only after the Court approves the Settlement and after any appeals are resolved. That process can take some time.  Please be patient.

# TABLE OF CONTENTS

**PAGE**

**BASIC INFORMATION**................................................................................................ **2**

      1.     Why is there a notice?
      2.     What is this class action lawsuit about?
      3.     Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................... **2**

      4.     How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ......................................................... **3**

      5.     What does the Settlement provide?

**HOW YOU GET A PAYMENT** ...................................................................................... **4**

      6.     How do I submit a claim?
      7.     How and when can I get a payment?
      8.     What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................................... **6**

      9.     How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................................ **7**

      10.    Do I have a lawyer in this case?
      11.    How will the lawyers and the Class Representative be paid?

**OBJECTING TO THE SETTLEMENT** ........................................................................... **7**

      12.    How do I tell the Court if I do not think the Settlement is fair?

**THE FAIRNESS HEARING** ......................................................................................... **8**

      13.    When and where will the Court decide whether to approve the Settlement?
      14.    May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................................... **9**

      15.    What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................... **9**

      16.    How do I get more information?

## BASIC INFORMATION

### 1.      Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this putative class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this notice carefully.

This Action was brought by Kenneth Wright, also known as the "Plaintiff" or "Class Representative." The Plaintiff sued Lyft, also known as "Defendant." The proposed Settlement would resolve all claims in this Action. The Court in charge of the Action, the United District Court for the Western District of Washington, has preliminarily approved the proposed Settlement and this Notice.

### 2.      What is this class action lawsuit about?

A class action lawsuit is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, like the Class Representative here, assert claims on behalf on themselves and on behalf of the entire class. The Class Representative filed this Action alleging that Lyft violated three laws: the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Washington Commercial Electronic Mail Act, RCW 19.190.010 *et seq.* ("CEMA"), and the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* ("CPA"), by sending unsolicited text messages to the members of the settlement class. Lyft denies that it did anything wrong, and denies that this Action is appropriate for treatment as a class action.

### 3.      Why is there a Settlement?

The Court did not decide in favor of the Class Representative or Lyft. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and his attorneys believe that the Settlement is best for all Settlement Class Members. The Court has granted preliminary approval of the Settlement and ordered that this notice be distributed to explain the terms of the Settlement to class members.

## WHO IS IN THE SETTLEMENT

### 4.      How do I know if I am part of the Settlement?

The Settlement provides relief for all Settlement Class Members, who are described by the Settlement Agreement as:

> All Washington State residents who, between June 1, 2012 and [the date of preliminary approval], received on their cellular telephones

2

one or more invitational or referral text messages through Lyft's "Invite A Friend" program.

The following are excluded from the Settlement Class: (1) any judge that may preside over this case; (2) any of the Released Parties, other than Lyft users who sent or caused to be sent invitational text messages; (3) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (4) any person or entity who has previously given a valid release of the claims asserted in the Action; and (5) Plaintiff's Counsel and their employees.

"Released Parties," as used above, means: (a) Lyft; (b) Lyft's past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (c) Lyft's successors and predecessors and their respective past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; (d) any persons or entities with which Lyft contracted with or engaged to send commercial text messages; (e) any Lyft users who sent or caused to be sent invitational text messages; (f) Lyft's insurance carriers; and (g) for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included in the Settlement, you can call the Settlement Administrator toll-free at 1-800-xxx-xxxx or visit www.xxxx.com for more information. Please do not call Lyft or the Court for any information related to this Notice or the Settlement.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 5.    What does the Settlement provide?

Lyft has agreed to deposit a total settlement amount of $3,995,000 into the Settlement Fund, which will constitute Lyft's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits to Settlement Class Members, described in the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any incentive award awarded to Kenneth Wright; (d) Settlement Administration Costs, including costs of notice; and (e) if necessary, any *cy pres* payment to one or more charitable organizations  pursuant to the procedures described in Section IV of the Settlement Agreement. The Attorneys' Fees, any Incentive Payment, and Costs and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class.

The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings that the Fund receives (such as through interest), reduced by the amount awarded by the Court for Attorneys' Fees and Costs to Class Counsel, any Incentive Award, and the Settlement Administration Costs. Each class member who files a valid Claim Form will receive a *pro rata* share of the Total Class Member Benefits Payout as follows:

- If you received one or more text messages through Lyft's "Invite A Friend" program before February 9, 2015 and you never accepted Lyft's Terms of Service, you will receive **10 Shares**.

- If you received one or more text messages through Lyft's "Invite A Friend" program before February 9, 2015 and you accepted Lyft's Terms of Service, you will receive **5 Shares**.

- If you received one or more text messages through Lyft's "Invite A Friend" program on or after February 9, 2015 and you never accepted Lyft's Terms of Service, you will receive **2 Shares**.

- If you received one or more text messages through Lyft's "Invite A Friend" program on or after February 9, 2015 and you accepted Lyft's Terms of Service, you will receive **1 Share**.

The value of each share depends on the number of Class Members who submit valid claims. Based on class counsel's experience, class counsel estimates that each share will have a minimum value of $3.30  and likely will be worth about $13 or more.  The value of your payment will depend in part on your settlement class group; for example, members of Group A should receive a minimum payment of $33 and likely will receive $132 or more.

This difference in the distribution of Shares reflects the negotiations between the parties and the relative strength of different Settlement Class Members' potential claims as part of a proposed class action lawsuit.

Each Share will be equal to the net of the Total Class Member Benefits Payout divided by the total number of Shares awarded to all claiming Settlement Class Members.  Payments will be made via a Benefits Check.

Multiple subscribers or users of any unique telephone number will be entitled to only a single recovery for calls to that number.

Settlement Class Members will be asked to provide either a Taxpayer Identification Number or a Social Security Number if they will receive $600 or more in a Cash Benefit due to Internal Revenue Service ("IRS") reporting requirements. The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval.  If no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit shall be limited to $599.

If any amounts remain in the Settlement Fund because Settlement Members fail to cash their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) *pro rata* to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible; and (b) if such a distribution is not feasible,  to the *cy pres* designated recipient(s), which will be one or more nonprofit organizations mutually agreed upon by the Parties and approved and appointed by the Court. No portion of the Settlement Fund will be returned to Lyft, except as provided in Section XIII, Termination of the Agreement.

## HOW YOU GET A PAYMENT

4

### 6.      How do I submit a claim?

Claim Forms can be submitted online or by mail, as described in this section.

**Submitting a Claim Form online**: If you received an email notice of this settlement, and you still have that email, you can fill out and submit a Claim Form online (at no cost to you) by following the appropriate hyperlink in the email for submitting claims. You can also visit www.xxxx.com to submit a Claim Form online (at no cost to you).

**Submitting a Claim Form by mail:** If you prefer, you may download and print a Claim Form by visiting www.xxxx.com. Once you print the Claim Form, fill it out, and mail it (at your own expense) to [Settlement Administrator address].

You must read the instructions included in the Claim Form carefully and fill out the Claim Form as directed. If you submit a Claim Form by mail you will need to sign the Claim Form.

**DEADLINE FOR SUBMITTING CLAIM FORMS**: Claim Forms submitted online must be submitted by no later than **[DATE].** Claim Forms submitted by mail must be postmarked by no later than **[DATE]. If you fail to submit a Claim Form by the deadline, your claim may be rejected, and you may be deemed to have waived all rights to receive benefits.**

### 7.      How and when can I get a payment?

Each Settlement Class Member who timely files a complete and accurate Claim Form with an Approved Claim will receive a Cash Benefit made payable to the addressee on the Claim Form.

As set forth above, Settlement Class Members who will receive a Cash Benefit of $600 or more will be asked to provide either a Taxpayer Identification or a Social Security Number due to IRS reporting requirements. The Settlement Administrator will issue a written notice to Settlement Class Members who will receive a payment of $600 or more as a Cash Benefit, once the allocation of Cash Benefits is determined following Final Approval. If no Taxpayer Identification or Social Security Number is timely provided, payment of the Cash Benefit shall be limited to $599.

The Court will hold a hearing on **[TIME/DATE]** to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. The outcome of these appeals is always uncertain, and resolving them can take time, perhaps more than a year. Please be patient.

### 8.      What am I giving up to get a payment or stay in the Class?

If you are a Settlement Class Member, unless you exclude yourself, that means that you cannot sue, continue to sue, or be part of any other lawsuit against Lyft about the legal issues in this case, and all of the decisions and judgments by the Court will bind you.

If you do nothing at all, you will be unable to file your own lawsuit involving all of the claims described and identified in the Settlement Agreement, and you will release Lyft from any liability but **YOU WILL NOT RECEIVE A CASH BENEFIT**.

Remaining in the Settlement Class means that you, as well as your respective assigns, heirs, executors, administrators, successors and agents, will release, resolve, relinquish and discharge Lyft and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or in any way relate to Lyft initiating, sending, or assisting in the transmission of any text message containing a Lyft-related advertisement, promotion, or invitation to Settlement Class Members during the Class Period (the "Released Claims").  Released Claims include all claims under the TCPA and any other federal law; all claims under Washington state law, including claims arising under CEMA and the CPA; and any other claims arising under the laws of all other states.

Remaining in the Settlement Class also means that you agree that you will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.

The Settlement Agreement (available at www.xxxx.com) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class (listed in Question 10) for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt out of the Settlement as described below.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement and you want to keep the right to sue or continue to sue Lyft or any of the Released Parties on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class.

### 9.    How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a Request for Exclusion by mail saying that you want to be excluded from the proposed settlement of *Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421 (W.D. Wash.). Be sure to include your full name, address, and telephone number(s), and sign the Request for Exclusion. You must also include a statement that you wish to be excluded from the Settlement. You must mail your Request for Exclusion by first class mail, postage prepaid, and postmarked no later than [**TIME/DATE**] to:

Settlement Administrator
[ADDRESS]
[CITY, STATE, ZIP]

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a request to any location other than the address above.  You cannot exclude yourself if you mail your request after the deadline.

If you ask to be excluded, you will not get any Cash Benefit, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Action. You may be able to sue (or continue to sue) Lyft in the future about the legal claims in this case.

If you do not exclude yourself and the Settlement is finally approved, you give up any right to sue Lyft on any of the claims that this Settlement resolves. If you have a pending lawsuit against Lyft over these claims, speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit.

## THE LAWYERS REPRESENTING YOU

### 10.    Do I have a lawyer in this case?

The Court appointed the following lawyers and law firms to represent you and other Settlement Class Members:

Donald W. Heyrich
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

Peter Stutheit
Stutheit Kalin LLC
1 SW Columbia Street, Suite 1850
Portland, OR 97258

These lawyers are called Class Counsel. You will not be charged for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.    How will the lawyers and the Class Representative be paid?

Class Counsel will ask the Court, by a motion for attorneys' fees and costs to be filed no later than [TIME/DATE], to approve payment from the Settlement Fund to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus an additional amount to cover their out of pocket costs incurred in litigating the case. Class Counsel intend to request fees not to exceed 30% of the Settlement Fund. Lyft has agreed not to oppose a request for fees up to 25 percent of the Settlement Fund. Class Counsel will also request an Incentive Award for the Class Representative that will not exceed $5,000, in compensation for his service, time, and effort. The Court may award less than the requested

amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than [TIME/DATE], which is XX days following the filing of Class Counsel's Fee and Cost Application. You can object by sending a letter addressed to the Court at the address listed in the next section of this notice. In your letter you must state that you object. Be sure to include your full name, address, telephone number(s), and the reasons you object to the proposed award, or to the amount of the proposed award.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 12.     How do I tell the Court if I do not think the Settlement is fair?

If you are a Settlement Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can tell the Court that you do not agree with the Settlement or some part of it. You can state reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must file a written objection with the Court by [TIME/DATE], saying that you object to the proposed Settlement in *Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421 (W.D. Wash.). Be sure to include your full name, address, telephone number(s), the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel. Your objection to the Settlement must be postmarked no later than [TIME/DATE].

The objection must be mailed to:

U.S. District Court
Clerk's Office
700 Stewart Street, Suite 2310
Seattle, WA 98101

**And**

Donald W. Heyrich
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

**And**

Archis A. Parasharami
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101

8

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself, or opting out, is telling the Court that you do not want to be included in the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects you.

You have the right to consult and/or retain an attorney of your choice at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement and the Final Approval Hearing as described below. You also have the right, either personally or through an attorney retained and paid by you, to seek to intervene and object to the Settlement Agreement.

### THE FAIRNESS HEARING

**13.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held on [**TIME/DATE**] at the U.S. District Court, Courtroom __, 700 Stewart Street, Suite 2310, Seattle, WA 98101.

The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**14.    May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Kenneth Wright v. Lyft, Inc.*, No. 2:14-cv-00421 (W.D. Wash.). Be sure to include your full name, address, and telephone number(s). You cannot speak at the hearing if you excluded yourself from the Settlement Class. Your letter stating your notice of intention to appear must be postmarked no later than [**TIME/DATE**], and be sent to the following address:

> U.S. District Court
> Clerk's Office
> 700 Stewart Street, Suite 2310
> Seattle, WA 98101

### IF YOU DO NOTHING

**15.    What happens if I do nothing at all?**

If you do nothing, you will be bound by the terms and conditions of the Settlement Agreement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Lyft about the legal issues in this Action, ever again. You must file a Claim

Form in order to receive a Cash Benefit after the Court approves the Settlement and any appeals are resolved.

### GETTING MORE INFORMATION

**16.     How do I get more information?**

This Notice summarizes the pertinent portions of the proposed Settlement Agreement. More details are in the Settlement Agreement. You can view a copy of the Settlement Agreement by visiting the website at www.xxxx.com, where you will find the Claim Form, answers to common questions about the Settlement, plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a Cash Benefit.