UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH WRIGHT, on his own behalf and on behalf of other similarly situated persons,<br><br>       Plaintiff,<br><br>  v.<br><br>LYFT, INC., a Delaware corporation,<br><br>       Defendant. | Civil Action No. 1:14-cv-00421<br><br>Judge Barbara J. Rothstein<br><br>ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

**ORDER**

Plaintiff Kenneth Wright, on his own behalf and on behalf of other similarly situated persons ("Wright"), brings a Motion for Preliminary Approval of Settlement. Dkt. No. 90. Defendant Lyft, Inc. ("Lyft") does not oppose the motion. This Court, having considered the motion and all exhibits thereto, hereby orders as follows:

1. The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Final Approval Hearing described at Paragraph 23 of this Order.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3. The Court has jurisdiction over the subject matter of the Action and the Parties, including all Settlement Class Members, and venue is proper in this District.

4. For purposes of this settlement only, and without prejudice to Lyft's right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court finds that the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

1

Procedure are satisfied and in particular finds that Wright and Class Counsel are adequate representatives of the Settlement Class.

5. For purposes of this Settlement only, and without prejudice to Lyft's right to contest class certification in the event that the proposed Settlement is not fully implemented, the proposed settlement set forth in the Agreement is preliminarily approved because it is within the range of approval as fair, reasonable, and adequate, and accordingly, notice of the Settlement should be given to members of the Settlement Class (as defined in the following paragraph).

6. The Court hereby provisionally certifies the following Settlement Class in accordance with the Agreement, and pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3), for settlement purposes only:

> All Washington residents who, between June 1, 2012, and the date of preliminary approval, received on their cellular telephones one or more invitational or referral text messages through Lyft's "Invite A Friend" program.
>
> Excluded from the settlement class are: (i) any judge that may preside over this case; (ii) any of the Released Parties, other than Lyft users who sent or caused to be sent invitational text messages; (iii) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (iv) any person or entity who has previously given a valid release of the claims asserted in the Action; and (v) Plaintiff's Counsel and their employees.

7. For the purpose of this preliminary approval and all matters relating to the Settlement of this Action, and without prejudice to Lyft's right to contest the appointment of Wright as the representative of the Settlement Class and/or the appointment of Class Counsel in the event that the proposed Settlement is not fully implemented, until further order of the Court, Wright shall be the Representative of the Settlement Class and Representative Plaintiff's counsel of record is appointed as counsel for the Settlement Class ("Class Counsel"). The law firms representing the Class and who shall comprise Class Counsel are:

Donald W. Heyrich
HKM Employment Attorneys LLP
600 Stewart Street, Suite 901
Seattle, WA 98101

Peter Stutheit
Stutheit Kalin LLC
1 SW Columbia Street, Suite 1850
Portland, OR 97258

8. JND Legal Administration ("Settlement Administrator") is hereby appointed to serve as Settlement Administrator.

9. Lyft is hereby Ordered to prepare and provide to the Settlement Administrator the Lyft Database as defined in Section 8.02 of the Settlement Agreement within thirty (30) days after the entry of this Order.

10. The Settlement Administrator shall carry out all duties and responsibilities of the Settlement Administrator specified in the Agreement; maintain the confidentiality of all Confidential Material; and use the information contained in the Lyft Database solely for purposes of implementing this Settlement and for no other purposes whatsoever.

11. The parties, Lyft's Counsel, and Class Counsel shall comply with the terms of the Settlement Agreement, which are incorporated by reference into this Order.

12. The Exhibits to the Stipulation and Settlement Agreement: Email Notice (Exhibit B); Publication Notice Form (Exhibit C); and Long Form Notice (Exhibit D), are hereby approved.

13. Within sixty (60) days after the entry of this Order, pursuant to the procedures detailed in the Agreement, the Settlement Administrator shall provide notice of this Settlement and of the Final Approval Hearing to all potential Settlement Class Members by electronic mail or (if an e-mail address is not available, by first class mail, if a mailing address is available) to each person identified in the Lyft Database.

14. The reasonable costs and expenses of printing, preparing and mailing the Class Notice, and the reasonable costs and expenses of the Settlement Administrator, and other related administrative expenses shall be borne by the Class.

15. Prior to the Final Approval Hearing described in paragraph 23 below, Class Counsel shall serve and file a sworn statement of the Settlement Administrator evidencing compliance with the provisions of this Order relating to the Class Notice after Lyft has reviewed the Settlement Administrator's sworn statement.

16. Notice to potential Settlement Class Members in accordance with the provisions of the Agreement and paragraph 13 of this Order is hereby found to be: (a) the best Notice practicable under the circumstances; (b) valid, due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the Settlement; and (c) in full compliance with the notice requirements of Fed. R. Civ. P. 23 and due process to all persons entitled to such Notice.

17. Any Settlement Class Member wishing to be excluded from the Settlement Class shall mail a request for exclusion ("Request for Exclusion"), pursuant to Section 10 of the Agreement, to the Settlement Administrator, postmarked no later than sixty (60) days following the Class Notice Date (the "Opt-Out Deadline"). Requests for exclusion that do not include all required information and/or are not transmitted as to the instructions set forth in the Class Notice will not be honored. Upon receipt, the Settlement Administrator shall forward a copy of any request for Exclusion to Class Counsel and to counsel for Lyft within seven (7) calendar days after the Opt-Out Deadline. Such request shall set forth: the name, address, and telephone number of the Settlement Class Member, and contain the words "opt-out," "exclusion," or other words clearly indicating an intent not to participate in the Settlement. Requests for exclusion

shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Any Settlement Class Member who does not properly and timely request exclusion shall be included in the Settlement Class and shall be bound by the determinations of the Court, and any Final Judgment entered in the Action, if this Settlement receives Final Approval from the Court. The specific date and deadline for requesting exclusion by a Settlement Class Member shall be set forth in the Class Notice.

18. At least seven (7) days prior to the Final Approval Hearing the Settlement Administrator shall file with the Court a sworn statement listing all persons who have submitted timely requests for exclusion.

19. The Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion from Settlement Class Members and shall preserve all such communications until administration is complete or further order of the Court. All written communications received from Settlement Class Members to the Settlement Administrator and all written responses to inquiries by Settlement Class Members from the Settlement Administrator relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Lyft's counsel and Class Counsel, subject to further Order of the Court if issues of privilege or confidentiality arise. Notice to Settlement Class Members shall designate the Settlement Administrator as the person to whom Requests for Exclusion shall be sent.

20. All other events contemplated under the Agreement to occur after this Order and before the Final Approval Hearing described in paragraph 23 of this Order shall be governed by the Agreement to the extent not inconsistent with this Order.

21. Any petitions for attorneys' fees and reimbursement of expenses by Class Counsel and requests for an incentive award to the Named Plaintiff shall be filed no later than 30 days

after the Class Notice Date. Any Memoranda in support of Final Approval of the Settlement shall be filed no later than seven (7) days prior to the Final Approval Hearing.

22. A Final Approval Hearing shall be held before the undersigned at **10:00 am** on **Wednesday, May 29, 2019** in the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 16128, Seattle, Washington 98101, to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, and other related matters. The Final Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Class.

23. Any Settlement Class Member who does not opt out of the Settlement may appear at the Final Approval Hearing in person or by counsel, if any appearance is filed and served as provided in the Class Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, or other related matters. Provided, however, that no person shall be permitted to intervene or otherwise be heard in opposition to the proposed Settlement, and, if approved, the judgment entered thereon, or to the requested award of attorneys' fees and reimbursement of expenses, and no papers or briefs submitted by any person shall be accepted or considered by the Court unless, not later than sixty (60) days following the Class Notice date, such person has:

    a.    filed with the Clerk of the Court a notice of such person's intention to intervene or otherwise appear together with a statement that indicates the basis for such intervention or opposition along with any supporting documentation;

b.  served copies of such notice, statement and documentation, together with copies of any other papers or briefs that such person files with the Court, either in person or by mail, upon JND Legal Administration, at 2727 Western Ave, Suite 200, Seattle, WA 98121; and

c.  otherwise complied with the Agreement and Notice for purposes of such hearing.

24. Any Settlement Class Member who does not object to the Settlement in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, including but not limited to all other related matters handled during the Final Approval Hearing.

25. If the proposed Settlement is not implemented or if the Settlement is terminated for any reason whatsoever, the Settlement, and all proceedings in connection with the Agreement, including, without limitation, all orders entered in connection with the proposed Settlement shall be without prejudice to the rights of the Parties, and all Orders issued pursuant to this proposed Settlement shall be vacated. In such an event, the Settlement and all negotiations, proceedings and statements made in connection with the proposed Settlement, including without limitation the Agreement, shall be null, void and without effect. No evidence relating to such negotiations, proceedings, documents, or statements shall be used in any manner or for any purpose in any subsequent proceedings in this Action, or in any other proceeding between the settling parties, and this Action shall revert to its status immediately prior to the execution of the Agreement, including but not limited to its status as a putative class action.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

27. Upon entry of this Order, and until further Order of the Court, all proceedings in the Action, except those proceedings in furtherance of obtaining final approval of the Settlement, shall be stayed. Until further Order of the Court, Settlement Class Members shall be barred from commencing or prosecuting any action or proceeding in any court or tribunal against the Released Parties asserting Released Claims.

28. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Agreement which are not materially inconsistent with either this Order or the terms of the Agreement.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2018.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge