The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH WRIGHT, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:14-cv-00421-BJR<br><br>**ORDER RE: FINAL JUDGMENT APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS** |

# **ORDER**

Upon review and consideration of the Settlement Agreement and all exhibits thereto (Dkt. No. 91) (the "Settlement Agreement"), by and between Plaintiff Kenneth Wright ("Representative Plaintiff" or "Named Plaintiff") and Defendant Lyft, Inc. ("Defendant" or "Lyft"), and the memoranda and arguments of counsel,

IT IS HEREBY ORDERED and ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter of the Action and the Parties, including all Settlement Class Members, and venue is proper in this District.

2. Pursuant to Fed. R. Civ. P. 23, the Court finally approves the settlement of this Action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class Members in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the parties, each of whom was represented by experienced counsel. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action.

3. As explained in the preliminary approval order, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby finally certifies for settlement purposes the following Settlement Class defined as follows:

> All Washington residents who, between June 1, 2012, and the date of preliminary approval, November 15, 2018, received on their cellular telephones one or more invitational or referral text messages through Lyft's 'Invite A Friend' program.

> Excluded from the settlement class are: (i) any judge that may preside over this case; (ii) any of the Released Parties, other than Lyft users who sent or caused to be sent invitational text messages; (iii) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (iv) any person or entity who has previously given a valid release of the claims asserted in the Action; and (v) Plaintiff's Counsel and their employees.

4. The Court hereby finds that the notice previously given to Settlement Class Members, including notice by email, notice by postcard to certain potential class members, and notice by publication in two local newspapers: (1) was in compliance with the Preliminary Approval Order (Dkt. No. 92), (2) constituted the best notice practicable under the circumstances, (3) constituted valid, due, and sufficient notice to all persons affected by and/or entitled to participate in the Settlement, and (4) was in full compliance with the notice requirements of Fed. R. Civ. P. 23 and due process.

5. The Court finds that there were no objections to the settlement and that only one (1) class member requested to be excluded from the settlement.

6. The Court appoints Kenneth Wright as the Representative Plaintiff of the Settlement Class and finds that he meets the requirements of Fed. R. Civ. P. 23(a)(4).

7. The Court appoints the following lawyers as Class Counsel, and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4):

> Donald W. Heyrich
> HKM Employment Attorneys LLP
> 600 Stewart Street, Suite 901
> Seattle, WA 98101
>
> Kyann Kalin
> Peter Stutheit
> Stutheit Kalin LLC
> 1 SW Columbia Street, Suite 1850
> Portland, OR 97258

8. This Court further finds that the following considerations identified under Federal Rule of Civil Procedure 23(e)(2) militate in favor of finding that the settlement is fair, reasonable, and adequate, and therefore should be approved:

    a. The class representative and class counsel have adequately represented the class**.** Plaintiff Kenneth Wright filed this putative class action over five years ago, on March 24, 2014. Class counsel are experienced. The litigation was hard fought, including motions practice and the resolution of legal questions certified to the Washington Supreme Court.

    b. The proposal was negotiated at arm's length. The parties negotiated the settlement over a multi-year period, including three in-person mediation sessions with two experienced mediators: the Honorable Terrence Lukens (Ret.) and the Honorable Gary A. Feess (Ret.). The parties also engaged in follow-up telephone negotiations through Judge Feess and additional negotiations directly between counsel over many months.

    c. The relief provided for the class is adequate in light of the following findings:

        (i) As to the costs, risks, and delay of trial and appeal, the Court agrees that, for the reasons explained in Plaintiff's motion for final approval of the settlement, both parties faced significant risks—both on the merits and as to class certification—that made settlement preferable to continued litigation.

        (ii) The Court also finds that the proposed method of distributing relief to the class is effective. JND Legal Administration ("JND"), an experienced claims administrator, undertook a robust notice program that was approved

|   |   |
|---|---|
| 1 | by this Court and included: (a) notice of the settlement by email to 280,221 potential settlement class members; (b) court-approved postcard notice to 75,715 potential class members who did not have a valid email address; (c) a second follow-up email to 222,980 potential class members as a reminder of the upcoming claim deadline; (d) publication notice of the settlement in the *Seattle Times* and *Spokesman Review*; (e) a class settlement website with copies of important case documents, answers to frequently asked questions, and contact information for the administrator; and (f) a case-specific toll-free number which could be used to obtain information regarding the Settlement. JND provided for online claims filing and, for potential class members who received postcard notice, included postage-prepaid claim forms with the notice postcards. |

(iii) The proposed amount and timing of the attorneys' fee award is fair and appropriate. The class settlement provides a common fund with a total value of $3,995,000. The proposed attorneys' fee award of $998,750 constitutes 25% of the settlement fund. This amount reflects the 25% "benchmark" that is standard in the Ninth Circuit. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F. 3d 935, 942 (9th Cir. 2011). In addition, as explained in the Plaintiff's Motion for Approval of Service Award and Attorneys' Fees and Costs, the attorneys' fees will not be paid until after this Court grants final approval; the attorneys' fees will be paid at the same time that the Settlement Class is paid.

(iv) The parties' agreement is memorialized in the Settlement Agreement that

the Court has approved, and there are no other agreements between the parties that are required to be identified under Rule 23(e)(3).

   d. The proposal treats class members equitably relative to each other. The Settlement Agreement recognizes four subgroups within the Settlement Class. The agreement sorts class members based upon the date on which the Settlement Class Member received the text message and whether or not he or she is a Lyft user (and thus accepted Lyft's Terms of Service). These groups reflect the fact that the method by which the "Invite A Friend" program text messages were sent changed meaningfully on February 9, 2015, and the fact that some Settlement Class Members are subject to potential defenses based on Lyft's Terms of Service. The subgroups thus recognize that different Settlement Class Members are situated differently based on the relative strength of Lyft's defenses to their claims.

9. Finally, the Court notes that there was no opposition to the settlement; no class member filed an objection and only one class member opted out of the settlement.

10. In sum, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be, and is, approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including Class Members. Each Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement.

11. The parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and JND is hereby DIRECTED to complete administration of the Settlement in a manner consistent with the Settlement Agreement.

12. In accordance with the Settlement Agreement, the Settlement Administrator shall

issue a payment to Plaintiffs' counsel for attorneys' fees in the amount of $998,750, and costs in the amount of $20,764.06.

13. In accordance with the Settlement Agreement, the Settlement Administrator shall issue a payment of $5,000 to Named Plaintiff Kenneth Wright as a service award for his time and effort invested in this litigation.

14. The Settlement Administrator JND is entitled to fees in an amount to be determined to be paid from the settlement fund.

15. All Released Claims of each Settlement Class Member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

16. Each and every Class Member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties for any of the Released Claims.

17. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

**IT IS SO ORDERED.**

Dated May 29, 2019.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge